# EXHIBIT 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>EASY SPIRIT, LLC,<br><br>    Defendant. | Case No.: 25-cv-00112-SFR<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANT'S PROPOSED REPLY TO PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO THE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
<u>REGARDING THE IMPACT OF NEW SUPREME COURT PRECEDENT</u>**

KASOWITZ LLP
Christine A. Montenegro (ct30008)
Lea Dartevelle Erhel (phv 108684)
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
E-mail: cmontenegro@kasowitz.com
   ldartevelle@kasowitz.com

FINN DIXON & HERLING LLP
Tony Miodonka (ct28262)
Six Landmark Square
Stamford, CT 06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: tmiodonka@fdh.com

*Attorneys for Defendant Easy Spirit, LLC*

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

I.     THE APA'S "ARBITRARY AND CAPRICIOUS" STANDARD IS FORECLOSED BY SUPREME COURT PRECEDENT ............................................................................. 1

II.    PLAINTIFF IGNORES CONGRESS'S DELIBERATE EXCLUSION OF TEXT MESSAGES FROM § 227(c) AFTER EXTENSIVE MODERN AMENDMENTS ......... 2

III.   PLAINTIFF CONFLATES THE TCPA'S BROAD PROHIBITIONS AND DELEGATIONS WITH THE NARROW PRIVATE RIGHT OF ACTION .................... 4

CONCLUSION ...................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Campbell-Ewald Co. v. Gomez*,
   577 U.S. 153 (2016) ................................................................................................................ 3

*Chadbourne & Parke LLP v. Troice*,
   571 U.S. 377 (2014) ................................................................................................................ 5

*Fillichio v. M.R.S. Assocs., Inc.*,
   No. 09-61629-CIV, 2010 WL 4261442 (S.D. Fla. Oct. 19, 2010) ........................................... 3

*Jones, v. Blackstone Med. Servs., LLC*,
   No. 1:24-CV-01074-JEH-RLH, 2025 WL 2042764 (C.D. Ill. July 21, 2025) ......................... 3

*Keating v. Peterson's Nelnet, LLC*,
   615 F. App'x 365 (6th Cir. 2015) ............................................................................................. 3

*La. Pub. Serv. Comm'n v. FCC*,
   476 U.S. 355 (1986) ................................................................................................................ 4

*Loper Bright Enters. v. Raimondo*,
   603 U.S. 369 (2024) ................................................................................................................ 2

*McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*,
   606 U.S. 146 (2025) ............................................................................................................ 1, 2

*Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mutual Auto. Ins. Co.*,
   463 U.S. 29 (1983) .................................................................................................................. 2

*Murphy v. DCI Biologicals Orlando, Ltd. Liab. Co.*,
   797 F.3d 1302 (11th Cir. 2015) ............................................................................................... 3

*Russello v. United States*,
   464 U.S. 16 (1983) .................................................................................................................. 4

*Satterfield v. Simon & Schuster, Inc.*,
   569 F.3d 946 (9th Cir. 2009) ................................................................................................... 3

*Saunders v. Dyck O'Neal, Inc.*,
   319 F. Supp. 3d 907 (W.D. Mich. 2018) ................................................................................. 3

*Schaevitz v. Braman Hyundai, Inc.*,
   437 F. Supp. 3d 1237 (S.D. Fla. 2019) .................................................................................... 3

*Seven Cnty. Infrastructure Coal. v. Eagle Cnty.*,
    145 S. Ct. 1497 (2025) ................................................................................................2

*Soliman v. Subway Franchisee Advert. Fund Trust Ltd.*,
    101 F.4th 176 (2d Cir. 2024) .......................................................................................4

*Van Patten v. Vertical Fitness Grp.*,
    LLC, 847 F.3d 1037 (9th Cir. 2017) ............................................................................3

**Statutes**

47 U.S.C. § 227(b) ..............................................................................................1, 2, 3, 4

47 U.S.C. § 227(b)(1)(A)(iii) ..........................................................................................4

47 U.S.C. § 227(c) ..............................................................................................1, 2, 3, 4

47 U.S.C. §§ 227(c)(1)-(4) ..............................................................................................4

47 U.S.C. § 227(c)(5) .........................................................................................1, 2, 4, 5

47 U.S.C. § 227(e) ...........................................................................................................3

47 U.S.C. § 227(e)(8)(C) .................................................................................................3

47 U.S.C. § 227(h) ...........................................................................................................3

Pub. L. 115-141 ................................................................................................................3

**Other Authorities**

47 C.F.R. § 64.1200 .........................................................................................................4

Defendant[1] respectfully submits this Reply to Plaintiff's Supplemental Opposition to the pending Motion to Dismiss ("Supplemental Opposition" or "Supp. Opp.") (Dkt. 44).

## INTRODUCTION

In the Supplemental Opposition, Plaintiff raises a new argument that this Court must apply the Administrative Procedure Act's ("APA") "arbitrary and capricious" standard of review to the FCC's stance that the terms "call" and "text" are interchangeable under 47 U.S.C. § 227(b). In doing so, Plaintiff claims that this Court must extend the same statutory interpretation of § 227(b) to § 227(c) to find that Plaintiff can bring a private right of action. But *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025) ("*McLaughlin*") makes clear that statutory interpretation under the TCPA is for courts, not agencies, to decide. Accordingly, the FCC's views on § 227(b) are not binding on this Court. Also, the APA's arbitrary and capricious standard has no bearing on the analysis because it only applies to agency actions, not statutory interpretations.

Plaintiff's remaining arguments fare no better because he ignores the plain language of § 227(c) in arguing he supposedly has a private right of action even though the statute grants no such rights to individuals receiving text messages as opposed to calls. Plaintiff's argument also ignores that Congress, in 2018, expressly excluded text messages from § 227(c)'s private right of action while including them elsewhere, rendering the pre-2018 authorities cited by Plaintiff obsolete. Thus, dismissal is still warranted here.

## I. THE APA'S "ARBITRARY AND CAPRICIOUS" STANDARD IS FORECLOSED BY SUPREME COURT PRECEDENT

Plaintiff claims the Court should extend the FCC's view that the terms "call" and "text message" are interchangeable under § 227(b) to § 227(c)(5) because the agency's interpretation is

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Dismiss (Dkt. 27), the Reply in support thereof (Dkt. 30), and the Supplemental Brief (defined above).

1

subject to the APA's deferential arbitrary and capricious standard. (Supp. Opp. at 8). That is not so. In *McLaughlin*, the Court held that district courts are not "bound by the FCC's interpretation of the TCPA" and must interpret the statute "as courts traditionally do under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *McLaughlin Chiropractic Assocs., Inc*, 606 U.S. at 168. The Court further emphasized that nothing in the Hobbs Act "require[s] the District Court to afford absolute deference to the agency." *Id*. Indeed, in footnote 2 and its accompanying text, the Court made clear that while *agency actions* are reviewed under the APA's arbitrary and capricious standard, *McLaughlin* involves *statutory interpretation*, so that standard does not apply. *See id*. at 155, 155 n.2.[2]

Further, the Supreme Court in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) ("*Loper Bright*") explained that "[a]gency *interpretations of statutes* . . . are *not* entitled to deference" under the APA; courts must decide "whether the law means what the agency says . . ." *Id*. at 391–92 (emphasis added). Thus, the Court is not bound to apply the FCC's interpretation under § 227(b) to § 227(c)(5).

II. **PLAINTIFF IGNORES CONGRESS'S DELIBERATE EXCLUSION OF TEXT MESSAGES FROM § 227(c) AFTER EXTENSIVE MODERN AMENDMENTS**

Plaintiff ignores the plain language of § 227(c)(5)—which narrowly grants a private cause of action to "[a] person who has received more than one *telephone call* within any 12-month," § 227(c)(5), by claiming that a "text message" has the same meaning as a "'call' under the TCPA." (Supp. Opp. at 5-7). This is misplaced for two reasons: (1) Plaintiff cited authorities that predate the 2018 amendments, which codified a statutory distinction between "call," "voice services" and

---

[2] Plaintiff's authorities, such as *Seven Cnty. Infrastructure Coal. v. Eagle Cnty.*, 145 S. Ct. 1497 (2025) and *Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mutual Auto. Ins. Co.,* 463 U.S. 29 (1983), unsurprisingly applied the "arbitrary and capricious" review standard to situations involving judicial review of agency *actions* (*e.g.,* an EIS under NEPA, rescission of a safety regulation), not agency *statutory interpretation*. Those are therefore inapposite and in direct contradiction with applicable Supreme Court precedent in *McLaughlin* and *Loper Bright*.

"text messages," rendering those cases superseded by Congress; and/or (2) Plaintiff's cases address § 227(b)'s automated-call prohibitions, not § 227(c)'s national Do-Not-Call rules.[3]

First, Plaintiff's reading of a "call" to include text messages is untenable when Congress's 2018 amendments explicitly noted that a "call" was distinct from "text messages." When Congress amended the TCPA to address modern technologies, it expressly defined "text message" in § 227(e)(8)(C) as "a message consisting of text, images, sounds, or other information that is transmitted to or from a device," and expressly excluding "a real-time, two-way voice or video communication." Congress's 2018 amendments also drew a sharp distinction between "text messages" and "calls" or "voice services." For instance, while Congress incorporated text messages into certain provisions, such as in § 227(e) (caller ID spoofing) and § 227(h) (FCC information sharing), it did not do so in § 227(c).[4] *See* §§ 227(b), (e) as amended by Pub. L. 115-141. Since then, the TCPA's use of the word "call" has maintained a different meaning than a "text message." *See e.g.*, § 227(h)(1) as amended by Pub. L. 115-141 (". . . the Commission shall prescribe regulations . . . relating to — (A) ***a call made or a text message*** sent in violation of subsection (b); or (B) ***a call or text message*** for which misleading or inaccurate caller identification information was caused to be transmitted in violation of subsection (e)."). *See also* § 227(e) as amended by Pub. L. 115-141 (prohibiting inaccurate caller ID information "in connection with

---

[3] *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), *Murphy v. DCI Biologicals Orlando, Ltd. Liab. Co.,* 797 F.3d 1302 (11th Cir. 2015), *Keating v. Peterson's Nelnet, LLC,* 615 F. App'x 365 (6th Cir. 2015), *Van Patten v. Vertical Fitness Grp.*, LLC, 847 F.3d 1037 (9th Cir. 2017), *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009), *Schaevitz v. Braman Hyundai, Inc.,* 437 F. Supp. 3d 1237 (S.D. Fla. 2019), *Fillichio v. M.R.S. Assocs., Inc.*, No. 09-61629-CIV, 2010 WL 4261442 (S.D. Fla. Oct. 19, 2010), and *Saunders v. Dyck O'Neal, Inc.*, 319 F. Supp. 3d 907 (W.D. Mich. 2018).

[4] Plaintiff fails to address the court's reasoning in *Jones, v. Blackstone Med. Servs., LLC*, No. 1:24-CV-01074-JEH-RLH, 2025 WL 2042764, at *4 (C.D. Ill. July 21, 2025), where the court correctly noted that text messaging was not an available technology when the TCPA was first enacted in 1991 and that the statute cannot be read with today's technology in mind, particularly when Congress subsequently amended it at length to include modern technology like text messaging in multiple other sections while deliberately leaving § 227(c) unchanged.

*any voice service or text messaging service*"). Thus, Plaintiff's claim that the statute uses "calls" and "text messages" interchangeably (Supp. Opp. at 5-10) collapses under a straightforward reading of the modernized statute.

Second, Plaintiff's cited authorities pertain to a different provision of the TCPA, § 227(b) (automated calls), and conflict with controlling Second Circuit precedent in *Soliman v. Subway Franchisee Advert. Fund Trust Ltd.*, 101 F.4th 176, 187 (2d Cir. 2024), where the court explicitly held that "voice service" under § 227(b) do not encompass text messages, emphasizing that statutory terms must be given their ordinary meaning.[5]

### III. PLAINTIFF CONFLATES THE TCPA'S BROAD PROHIBITIONS AND DELEGATIONS WITH THE NARROW PRIVATE RIGHT OF ACTION

Plaintiff further argues that in determining whether text messages are covered under § 227(c)(5), the Court should focus on separate provisions, 227(c)(1) and implementing FCC regulation 47 C.F.R. § 64.1200, in which the Congress delegated authority to the FCC to regulate "telephone solicitations." (Supp. Opp. at 1-3). Indeed, according to Plaintiff, because the FCC has broad authority to regulate "telephone solicitations" and enforce those regulations, the Court should find the FCC's "'legislative rules' have the 'force and effect of law.'" (Supp. Opp. at 1).

Plaintiff's "delegated authority" argument misstates the nature of the FCC's power. The Supreme Court established that "an agency literally has no power to act . . . unless and until Congress confers power upon it." *La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986). And while §§ 227(c)(1)–(4) grant the FCC broad authority to regulate and enforce regulations for

---

[5] By the same token, the statutory text limits § 227(c) to "residential telephone subscribers" not cellular phone users. Section 227(c) authorizes regulations for "residential telephone subscribers." While Congress deliberately omitted "cellular subscribers," elsewhere in the TCPA, Congress expressly regulated "cellular telephone service." *See e.g.,* § 227(b)(1)(A)(iii). Where Congress uses different terms in different provisions, courts must presume the difference is intentional. *Russello v. United States*, 464 U.S. 16, 23 (1983).

"telephone solicitations," § 227(c)(5) confers a far narrower remedy—allowing private plaintiffs to recover statutory damages only for "telephone calls" made to "residential telephone subscribers."

In the Supplemental Opposition, Plaintiff conveniently conflates the FCC's broad authority to regulate "telephone solicitations" and enforce those regulations via agency action, with the much narrower private right of actions granted by Congress. But regulatory authority to prohibit certain conduct is not the same as congressional authorization to create private enforcement rights for that conduct and, as the Supreme Court has explained, "the scope of the private right of action is more limited than the scope of the statutes upon which it is based." *Chadbourne & Parke LLP v. Troice,* 571 U.S. 377, 382 (2014).

Thus, even if the FCC may, for purposes of its own enforcement, apply DNC protections to text messages, its actions are bound by Congress's express decision to limit the statutory private right of action to "telephone calls."

## CONCLUSION

For the reasons detailed above, Plaintiff's legally and factually deficient claim must be dismissed with prejudice.

Dated: August 11, 2025

        Respectfully submitted,

        KASOWITZ LLP
        By: */s/ Christine A. Montenegro*
        Christine A. Montenegro (ct30008)
        Lea Dartevelle Erhel (phv 208684)
        1633 Broadway
        New York, New York 10019
        Tel: (212) 506-1700
        Fax: (212) 506-1800
        E-mail: cmontenegro@kasowitz.com
                ldartevelle@kasowitz.com

FINN DIXON & HERLING LLP
By: /s/ *Tony Miodonka*_____
Tony Miodonka (ct28262)
Six Landmark Square
Stamford, CT 06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: tmiodonka@fdh.com

*Attorneys for Defendant Easy Spirit, LLC*

## CERTIFICATE OF SERVICE

I certify that on August 11, 2025, a copy of the foregoing was filed through the Court's electronic filing system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

KASOWITZ LLP

By: */s/ Christine A. Montenegro*
Christine A. Montenegro (ct30008)
Lea Dartevelle Erhel (phv 208684)
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
E-mail: cmontenegro@kasowitz.com
          ldartevelle@kasowitz.com