IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>EASY SPIRIT, LLC<br><br>*Defendant*. | Case No. 25-cv-00112 |

**PLAINTIFF'S OPPOSITION TO THE**
**DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY BRIEF**

Following the Status Conference on July 10, 2025, the Court expressly permitted the parties to file briefs regarding the impact of the Supreme Court's decision *in McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.,* 145 S. Ct. 2006 (2025). *See* ECF No. 40. The Order did not authorize replies, sur-replies, or additional briefing beyond one submission per side. Defendant now seeks leave to file what is effectively a second reply in connection with its Motion to Dismiss—having already filed an original reply (ECF No. 30).

Defendant contends that Plaintiff's Supplemental Opposition raises new arguments warranting a reply. That is incorrect. Plaintiff's discussion of the Administrative Procedure Act and the FCC's delegated authority is a direct and foreseeable response to Defendant's supplemental brief, which itself advanced statutory interpretation arguments under *McLaughlin*. It is well-settled that a reply is not warranted simply because the opposing party disagrees with how the other side addressed an issue already in play. See *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.,* 215 F.3d 219, 226-27 (2d Cir. 2000) (rejecting the notion that an argument is "new" when it directly responds to an opponent's points). Furthermore, the Defendant's

1

proposed reply brief also does not address arguments raised for the first time. Indeed, the proposed reply simply continues to advocate for the proposition its own motion has stated since its inception that text messages are not "calls" under the TCPA.

If, notwithstanding the above, the Court is inclined to grant Defendant leave to file its proposed reply, fairness dictates that Plaintiff be afforded an equal opportunity to respond. Permitting Defendant to have the last word—particularly on issues of statutory interpretation and administrative law central to the case—would be prejudicial. The Second Circuit has recognized that courts should avoid giving an unfair advantage to the party who replies last. See *Guadagni v. New York City Transit Auth.,* 387 F. App'x 124, 125 (2d Cir. 2010) ("Although Guadagni states that he was not permitted to respond to the new material in the reply papers, there is no evidence that he moved the district court for leave to file a sur-reply on any of these issues. *See id.* at 227. In fact, he was explicitly offered the opportunity of a sur-reply at least with respect to the discussion of *Murray v. United Parcel Service, Inc.*, 614 F. Supp. 2d 437 (S.D.N.Y. 2009), which he declined.").

For the foregoing reasons, the Plaintiff requests that the Defendant's motion be denied and that if the Defendant is granted permission to file further legal argument that the Plaintiff be permitted the same opportunity and the same page limit sought by the Defendant.

 

Respectfully Submitted,

Dated: August 12, 2025

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff and the putative Class*

3