IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>EASY SPIRIT, LLC<br><br>*Defendant*. | Case No. 25-cv-00112 |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

The irony could not be clearer. Defendant previously moved to strike Plaintiff's notice of supplemental authority, arguing that "a party may not file supplemental authority without first seeking leave of Court, and the filing should therefore be stricken." (Def.'s Mot. to Strike, ECF No. 43 at 2). The Court agreed and struck Plaintiff's notice. Now, Defendant has done the very thing it claimed was improper: filing its own Notice of Supplemental Authority without first obtaining leave. Having prevailed on its argument in ECF No. 43, Defendant should be held to the same standard it imposed on Plaintiff. The Court should strike Defendant's Notice. In the alternative, should the Court decline to strike Defendant's filing, Plaintiff respectfully requests leave to file a short response, not to exceed two (2) pages, addressing the authority cited therein, which is summarized below.

Even if the Court were to consider Defendant's notice, the authority cited an out of circuit district court case—*Davis v. CVS Pharmacy, Inc.*, No. 4:24-cv-477, 2025 WL 2491195 (N.D. Fla. Aug. 26, 2025)—does not warrant dismissal of the Complaint. In *Davis*, the court applied the wrong standard of review, relying on *McLaughlin Chiropractic Assocs., Inc. v. McKesson*

*Corp.*, 606 U.S. 146 (2025), and asking only whether the FCC's interpretation deserved "appropriate respect." See *Davis*, 2025 WL 2491195, at *9. That is not the law. The correct inquiry is whether the FCC acted reasonably and reasonably explained its exercise of discretion under the APA's arbitrary-and-capricious standard. See 47 U.S.C. § 227(c)(1). Congress vested the FCC with broad authority to implement the TCPA. *Charvat v. Echostar Satellite, LLC*, 630 F.3d 459 (6th Cir. 2010).

That review is narrow. Courts may not "substitute [their] own judgment for that of the agency" if the FCC has articulated a rational basis. *Zimmer Radio of Mid-Missouri, Inc. v. FCC*, 145 F.4th 828 (8th Cir. 2025); *Balt. Gas & Elec. Co. v. NRDC*, 462 U.S. 87, 105 (1983). The FCC did exactly that in its 2023 Order, detailing how junk texts undermine consumer trust and cause significant harm. Other courts have recognized the FCC's interpretation as not only reasonable but compelled by the TCPA's purpose. In *Jones v. Blackstone Med. Servs., LLC*, the court explained "The Plaintiffs' position—that text messages are calls as the latter term is used in the TCPA—is an eminently reasonable one, particularly given the TCPA's purpose and the prevalence of text messaging in the U.S. today." No. 1:24-cv-01074-JEH-RLH, 2025 U.S. Dist. LEXIS 138371, at *14 (C.D. Ill. July 21, 2025). Had *Davis* applied the correct arbitrary-and-capricious review, it would have deferred to the FCC. Even under Defendant's preferred "respect" framing, courts must recognize that Congress empowered the FCC to interpret broad statutory terms in light of evolving technology. See *Loper Bright*, 603 U.S. at 388, 402; *Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 370 (6th Cir. 2015). Accordingly, *Davis* offers no persuasive authority.

Defendant cannot demand that Plaintiff follow one rule (ECF No. 43) and then ignore that rule itself. For consistency and fairness, the Court should strike Defendant's Notice of

Supplemental Authority. In the alternative, Plaintiff requests leave to file a response not to exceed two (2) pages.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: September 13, 2025 | */s/ Anthony I. Paronich*<br>Anthony I. Paronich<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>(508) 221-1510<br>anthony@paronichlaw.com<br><br>*Attorneys for Plaintiff and the putative Class* |