## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>*v.*<br><br>EASY SPIRIT, LLC,<br><br>                    Defendant. | Case No.: 25-cv-00112-SFR<br><br><br>September 23, 2025 |

### DEFENDANT EASY SPIRIT, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

Defendant Easy Spirit, LLC ("Easy Spirit"), by and through its undersigned counsel, respectfully opposes Plaintiff's motion to strike (ECF No. 53) ("Motion") Easy Spirit's Notice of Supplemental Authority (ECF No. 52) (the "Notice").  In support thereof, Easy Spirit states as follows:

Plaintiff's Motion – which frivolously seeks to strike Easy Spirit's Notice – entirely rests on a mischaracterization of the Court's July 30, 2025 decision granting Easy Spirit's motion to strike Plaintiff's notice of supplemental authority ("Plaintiff's Notice") (ECF No. 43).  Plaintiff incorrectly claims that his Notice was stricken because he failed to "seek[] leave of Court" and the Court should apply the same standard to Easy Spirit in striking its Notice.  But Plaintiff's Notice was stricken because he improperly included legal arguments in the Notice without first seeking leave of Court.  *See Prodanova v. H.C. Wainwright & Co., LLC*, No. LACV1707926JAKASX, 2018 WL 8017791, at *3 (C.D. Cal. Dec. 11, 2018) ("A notice of supplemental authority should include only a copy of or citation to a recently published case, and should not include additional arguments unless leave to do so is granted"); *McGee v. Cole*, 993 F. Supp. 2d 639, 644 (S.D.W.

Va. 2014) (granting a motion to strike, in part, any legal argument presented in the notice of supplemental authority); *Adames v. United States*, 171 F.3d 728, 731 (2d Cir. 1999)) (the notice of supplemental authority "shall without argument state the reasons for the supplemental citations").

Conversely, here, Easy Spirit's Notice – unlike Plaintiff's Notice – did not require leave of Court because it did not contain any legal arguments and merely apprised this Court of new precedent – *Davis v. CVS Pharmacy, Inc.*, 2025 WL 2491195 (N.D. Fla. Aug. 26, 2025). (Compare ECF No. 31, with ECF No. 52.) Plaintiff simply has no basis for seeking to strike Easy Spirit's Notice which is properly before this Court. Thus, this Court should deny Plaintiff's Motion in its entirety.

Additionally, Plaintiff's Motion itself is improper because it sets forth legal arguments about the applicability of *Davis* without seeking leave of Court. Following the Status Conference on July 10, 2025, the court "permitted the parties to file briefs regarding the impact of the Supreme Court's decision in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp*., 145 S. Ct. 2006 (2025)" (the "Order") (ECF Nos. 40, 43). In accordance with that Order, Easy Spirit submitted its supplemental brief on July 25, 2025 (ECF No. 42) and Plaintiff submitted his supplemental brief on August 3, 3035 (ECF No. 44). However, Plaintiff did not seek any further permission to include legal arguments in his Motion. Given Plaintiff's Motion improperly sets forth legal arguments in further support of his opposition to Easy Spirit's motion to dismiss, this Court should strike Plaintiff's Motion in its entirety. In the alternative, Easy Spirit respectfully requests leave to file a short response.

Dated: September 23, 2025

Respectfully submitted,

KASOWITZ LLP

By: /s/ Christine A. Montenegro

 Christine A. Montenegro (ct30008)
 Lea Dartevelle Erhel (pro hac vice)
 1633 Broadway
 New York, NY 10019
 Tel: (212) 506-1700
 Fax: (212) 506-1800
 E-mail: cmontenegro@kasowitz.com
   ldartevelle@kasowitz.com

 FINN DIXON & HERLING LLP

By: /s/ Tony Miokonda

 Tony Miodonka (ct28262)
 Six Landmark Square
 Stamford, CT 06901-2704
 Tel: (203) 325-5000
 Fax: (203) 325-5001
 E-mail: tmiodonka@fdh.com

 *Attorneys for Defendant Easy Spirit, LLC*

## CERTIFICATION

I hereby certify that on September 23, 2025, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

KASOWITZ LLP

By: /s/ Christine A. Montenegro
Christine A. Montenegro (ct30008)
Lea Dartevelle Erhel (pro hac vice)
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
E-mail: cmontenegro@kasowitz.com
          ldartevelle@kasowitz.com