UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EASY SPIRIT, LLC,<br><br>Defendant. | Case No.: 25-cv-00112-SFR |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A PROPOSED REPLY TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant[1] respectfully moves the Court for leave to file a short reply ("Reply") to Plaintiff's Motion To Strike Defendant's Supplemental Authority Notice ("Motion" or "Mot.") (ECF No. 53). The proposed Reply is attached hereto as Exhibit 1.

Briefing on Defendant's Motion to Dismiss the First Amended Complaint ("Motion to Dismiss") (ECF Nos. 28, 29, and 30) closed on May 13, 2025. Following the Supreme Court's decision in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025) ("*McLaughlin*"), the Court allowed supplemental briefing. (ECF No. 40.) Both parties then filed supplemental briefs addressing new authorities and arguments. (ECF Nos. 42, 44, 45.)

In its Motion to Strike the Notice, Plaintiff went beyond the limited purpose of such a motion and improperly advanced arguments about *Davis v. CVS Pharmacy, Inc.*, 2025 WL 2491195 (N.D. Fla, Aug. 26, 2025) ("*Davis*"), including the standard of review for this Court's

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Dismiss (ECF No. 27), the Reply in support thereof (ECF No. 30), and the Opposition to the Motion (ECF No. 54).

interpretation of the TCPA. Defendant now seeks leave to file the attached Reply, confined to responding to those arguments.

The Reply is necessary because Plaintiff's Motion to Strike functions as a sur-reply. Plaintiff contends that *Davis* erred in relying on *McLaughlin* in concluding that the TCPA may be interpreted without deference but with "appropriate respect" for FCC Orders, and instead urges application of the APA's "arbitrary and capricious" standard. (Mot. at 1-2.) Raising such arguments in a motion to strike is procedurally improper and prejudicial, as it deprives Defendant of a fair opportunity to respond on an issue central to the pending Motion to Dismiss. *See Shuler v. Regency House of Wallingford, Inc.*, 2006 WL 118383, at *2 (D. Conn. Jan. 13, 2006); D. Conn. L. Civ. R. 7(d).

Accordingly, Defendant respectfully requests leave to file the attached two-page Reply. Granting this Motion will cure the prejudice created by Plaintiff's improper filing and ensure the Court has the benefit of full briefing on the applicable standard of review.

Dated: September 29, 2025.

          Respectfully submitted,

          KASOWITZ LLP
          By: */s/ Christine A. Montenegro*
          Christine A. Montenegro (ct30008)
          Lea Dartevelle Erhel (phv 208684)
          1633 Broadway
          New York, New York 10019
          Tel: (212) 506-1700
          Fax: (212) 506-1800
          E-mail: cmontenegro@kasowitz.com
                 ldartevelle@kasowitz.com

          FINN DIXON & HERLING LLP
          By: */s/ Tony Miodonka*
          Tony Miodonka (ct28262)

Six Landmark Square
Stamford, CT 06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: tmiodonka@fdh.com

*Attorneys for Defendant Easy Spirit, LLC*

## CERTIFICATE OF SERVICE

I certify that on September 29, 2025, a copy of the foregoing was filed through the Court's electronic filing system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

          KASOWITZ LLP

          By: */s/ Christine A. Montenegro*
          Christine A. Montenegro (ct30008)
          Lea Dartevelle Erhel (phv 208684)
          1633 Broadway
          New York, New York 10019
          Tel: (212) 506-1700
          Fax: (212) 506-1800
          E-mail: cmontenegro@kasowitz.com
                  ldartevelle@kasowitz.com