# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>EASY SPIRIT, LLC,<br><br>        Defendant. | Case No.: 25-cv-00112-SFR |

**DEFENDANT'S PROPOSED REPLY TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

KASOWITZ LLP
Christine A. Montenegro (ct30008)
Lea Dartevelle Erhel (phv 108684)
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
E-mail: cmontenegro@kasowitz.com
       ldartevelle@kasowitz.com

FINN DIXON & HERLING LLP
Tony Miodonka (ct28262)
Six Landmark Square
Stamford, CT 06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: tmiodonka@fdh.com

*Attorneys for Defendant Easy Spirit, LLC*

Defendant[1] respectfully submits this Reply to Plaintiff's Motion To Strike Defendant's Supplemental Authority Notice ("Motion" or "Mot.") (ECF No. 53).

*Davis v. CVS Pharmacy, Inc.*, explained that "*McLaughlin* actually calls for 'appropriate respect,' not 'appropriate deference'" to FCC interpretations.  2025 WL 2491195, at *4 (N.D. Fla, Aug. 26, 2025).  The rationale being that the "Hobbs Act does not deprive district courts of authority to interpret the TCPA contrary to FCC orders when deciding an actual case or controversy."  *Id*. at *4, n.3 (citing *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 168 (2025) ("*McLaughlin*").  Thus, the district courts – which are not bound to the FCC's Orders – must apply ordinary statutory interpretation principles when interpreting Section 227(c)(5) of the TCPA.  *McLaughlin*, 606 U.S. at 168.  Accordingly, *Davis*, for reasons consistent with those set forth in our briefs, held that under principles of statutory interpretation, Section 227(c)(5) does not confer a private right of action based on the receipt of text messages on a cell phone.  (ECF No. 42 at 3; ECF No. 30 at 4 and ECF No. 45-1 at 4.)

Plaintiff's Motion argues that *Davis* and *McLaughlin* applied the wrong standard of review in determining that FCC's interpretation of the TCPA deserved appropriate respect but no deference.  (Mot. at 1.)  Plaintiff claims that this Court must apply the Administrative Procedure Act's ("APA") "arbitrary and capricious" standard to the statutory interpretation of the TCPA's Section 227 provisions, in deference to the FCC's interpretation set forth in the FCC's 2003 and 2023 Orders.  (Mot. at 1.)  Plaintiff is essentially asking this Court to set aside the United States Supreme Court's decisions in *McLaughlin* and *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) ("*Loper Bright*").

But *McLaughlin* unequivocally held that in interpreting the 2003 FCC Order:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Dismiss (ECF No. 27), the Reply in support thereof (ECF No. 30), and the Supplemental Brief (ECF No. 42).

1

> We see no good rationale for reading the Hobbs Act to embody such an absolute-deference rule.
>
> ***
>
> **The District Court is not bound by the FCC's interpretation of the TCPA.** The District Court should interpret the statute as courts traditionally do under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation.

606 U.S. at 168 (emphasis added).

Moreover, the Supreme Court in *Loper Bright* made clear that the APA's "arbitrary and capricious" standard of review is inapplicable to courts deciding legal questions.[2] *Loper Bright*, 603 U.S. at 391-92. *Loper Bright* recognized – in explaining the contours of the APA – that:

> [t]he APA thus codifies for agency cases the unremarkable, yet elemental proposition reflected by judicial practice dating back to *Marbury*: ***that courts decide legal questions by applying their own judgment.*** **It specifies that courts, not agencies, will decide '*all* relevant questions of law' arising on review of agency action** . . . even those involving ambiguous laws – and set aside any such action inconsistent with the law as they interpret it. ***And it prescribes no deferential standard for court to employ in answering those legal questions***. That omission is telling, because Section 706 *does* mandate that judicial review of agency policymaking and factfinding be deferential. *See* § 706(2)(A) (agency action to be set aside if 'arbitrary, capricious, [or] an abuse of discretion'); § 706(2)(E)(agency factfinding in formal proceedings to be set aside if 'unsupported by substantial evidence.').

*Id.* (emphasis added).

Thus, because this Court is performing its own statutory interpretation of the TCPA, it is not subject to the APA's "deferential standard" "in answering [that] legal question[]." *Loper Bright*, 603 U.S. at 392. In other words, the APA's "arbitrary and capricious" standard is only applicable when a court is reviewing agency actions, not where, like here, it is deciding a legal question. *Id*.

---

[2] The APA expressly provides that "[t]o the extent necessary to decision and when presented, ***the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions,*** and determine the meaning or applicability of terms of an agency action." 5 U.S.C. § 706 (emphasis added).

## CONCLUSION

For the reasons detailed above, Plaintiff's legally and factually deficient claim must be dismissed with prejudice.

Dated: September 29, 2025

    Respectfully submitted,

    KASOWITZ LLP
    By: */s/ Christine A. Montenegro*
    Christine A. Montenegro (ct30008)
    Lea Dartevelle Erhel (phv 208684)
    1633 Broadway
    New York, New York 10019
    Tel: (212) 506-1700
    Fax: (212) 506-1800
    E-mail: cmontenegro@kasowitz.com
          ldartevelle@kasowitz.com

    FINN DIXON & HERLING LLP
    By: */s/ Tony Miodonka*
    Tony Miodonka (ct28262)
    Six Landmark Square
    Stamford, CT 06901-2704
    Tel: (203) 325-5000
    Fax: (203) 325-5001
    E-mail: tmiodonka@fdh.com

    *Attorneys for Defendant Easy Spirit, LLC*

## CERTIFICATE OF SERVICE

  I certify that on September 29, 2025, a copy of the foregoing was filed through the Court's electronic filing system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

          KASOWITZ LLP

          By: */s/ Christine A. Montenegro*
          Christine A. Montenegro (ct30008)
          Lea Dartevelle Erhel (phv 208684)
          1633 Broadway
          New York, New York 10019
          Tel: (212) 506-1700
          Fax: (212) 506-1800
          E-mail: cmontenegro@kasowitz.com
             ldartevelle@kasowitz.com