# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>EASY SPIRIT, LLC,<br><br>　　　　　　Defendant. | Case No.: 25-cv-00112-SFR |

**DEFENDANT EASY SPIRIT, LLC'S PROPOSED REPLY TO
PLAINTIFF'S NOTICES OF SUPPLEMENTAL AUTHORITY**

KASOWITZ LLP
Christine A. Montenegro (ct30008)
Lea Dartevelle Erhel (phv108684)
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
E-mail: cmontenegro@kasowitz.com
　　　　ldartevelle@kasowitz.com

FINN DIXON & HERLING LLP
Tony Miodonka (ct28262)
Six Landmark Square
Stamford, CT 06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: tmiodonka@fdh.com

*Attorneys for Defendant Easy Spirit, LLC*

Defendant Easy Spirit, LLC ("Easy Spirit")[1] respectfully submits this Proposed Reply to Plaintiff's Notices of Supplemental Authority in Opposition to Defendant's Motion to Dismiss (ECF Nos. 69 and 70) (collectively, the "Notices").

A.   **The 2018 Amendments Transformed the TCPA**

Both *Piet v. Office Depot, LLC,* No. 24-cv-81488, ECF No. 35 (S.D. Fl. Nov. 25, 2025) ("*Piet* ECF No. 35") and *Wilson v. Better Mortgage Corp.*, No. 25-cv-5503-PAE, 2025 WL 3493815 (S.D.N.Y. December 5, 2025) erroneously analyzed the TCPA as if it remained unamended since 1991, even though Congress extensively amended the TCPA in 2018 to include new modes of communications throughout.  *See* §§ 227(b)(2)(I); 227(b)(4)(A-D); 227(e)(1); 227(e)(3); 227(e)(5)(A); 227(e)(8)(A-E); 227(g)(8); and 227(h).   Specifically, Congress's amendments, *inter alia*, added the term "text message" 11 times in 4 different sections of the statute and drew a distinction between a "call" and a "text message."

The 2018 amendment was significant because it made it so that a "call" may not be considered to include both a call and a text message because the TCPA now distinguishes between "a *call* made using a voice service" **or** a "*text* message sent using a text messaging service." Indeed, in §§ 227(e)(1), 227(e)(2), 227(e)(8)(A) and 227(e)(8)(B), the amendments replaced the term "telecommunications" with "***a call*** made using a ***voice*** service ***or*** a ***text message*** sent using a ***text*** messaging service." (emphasis added).  *See Soliman v. Subway Franchisee Advertising Fund Trust, Ltd.*, 101 F. 4th 176, 187 (2d Cir. 2024) (finding that "Congress considered a 'voice service' and a 'text messaging service' to be distinct categories").  In other parts, Congress also acknowledged the distinction given the term "telephone solicitations" in § 227(a)(4) is defined as "a telephone call or message."  Congress's use of the word "or" is deliberate and, as the Supreme

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Dismiss (ECF No. 27), the Reply in support thereof (ECF No. 30), and the Supplemental Brief (ECF No. 42).

Court has held, "or" is "almost always disjunctive" and generally used "to indicate ... an alternative." *Campos-Chaves v. Garland*, 602 U.S. 447 (2024).[2]

Likewise, Congress defined the term "text message" in the statute to explicitly exclude "voice or video communications," drawing a clear distinction that these two methods of communications – written texts and oral voice calls – were intended to be separate and distinct. Thus, Congress did not intend a "call" and a "text message" to be used interchangeably.

Lastly, Congress originally drafted the general Do-Not-Call restrictions in § 227(c)(1) to apply to "telephone solicitations," which covers calls and text messages. However, Congress never amended the narrow private right of action under § 227(c)(5) to extend to "text messages," "telephone solicitation," or "telecommunications." Congress deliberately left that provision untouched so a private right of action would be available for receiving more than one "telephone call" even when a single telephone call would violate § 227(c)(1). Thus, the *Piet* and *Better Mortgage* courts failed to consider the full scope of the statutory text when reaching their decisions.

B.   **The Courts' Erroneous Reliance on the TCPA As Written in 1991**

As a result of *Piet* and *Better Mortgage Corp.* failing to take into account Congress's 2018 amendments – which explicitly distinguished between "calls" and "text messages" as distinct communication methods – the courts failed to adhere to the well-established rules of statutory construction. As the Second Circuit explained in *Am. Airlines, Inc. v. Remis Indus., Inc.*:

> **The provisions introduced by the amendatory act should be read together with the provisions of the original section that were . . . left unchanged, as if they had been originally enacted as one section**… Effect is to be given to each part, and they are to be interpreted so they do not conflict. If the new provisions and the . . . unchanged portions of the original section cannot be harmonized, the new provisions should prevail as the latest declaration of the legislative will.

---

[2] *See also El Sayed v. Naturopathica Holistic Health, Inc.* (filed at ECF No. 64-1), 2025 WL 2997759, at *2 ("When Congress uses different terms, we expect they hold different meanings, especially when the same meaning would render the terms superfluous.").

2

494 F.2d 196, 200 (2d Cir. 1974) (emphasis added).

While the *Better Mortgage* court recognized that "although modern parlance tends to distinguish between phone calls and text messages," it analyzed the meaning of "telephone call" in 1991 – when the TCPA was enacted, stating:

> the public meaning of "telephone call" was broader in 1991 than today. But that linguistic development is of no consequence here because "every statute's meaning is fixed at the time of enactment." . . . The TCPA-era definition of "telephone call," as captured by contemporary dictionaries, controls the statute's construction.

(*Wilson*, 2025 WL 3493815, at *5–6.) (citations omitted). The *Better Mortgage* court's conclusion is plainly erroneous because it did not read the TCPA "as to all subsequent occurrences, as if they had originally been in the amended form." *See United States v. La Franca*, 282 U.S. 568, 576 (1931). Additionally, the *Better Mortgage* court's decision is directly at odds with *Soliman* which held that § 227(b)(1)(A) does not cover text messages. *See Soliman*, 101 F. 4th at 187 (holding that "a called party" is "clearly referring to a telephone call, not a text message"). Yet, the *Better Mortgage* court found that § 227(c)(5) did because all of § 227(b) supposedly applies to text messages. (*Wilson*, 2025 WL 3493815 at *8.)

The *Piet* court acknowledged that "[t]his Court would tend to agree with the district courts who have determined that a call does not include a text message" under ordinary principles of statutory interpretation. (*Piet* ECF No. 35 at 6, n.2.) Yet, the *Piet* court deferred to an FCC interpretation that directly contradicts the statute's plain language.

For the reasons detailed above, Easy Spirit respectfully requests this Court to consider Easy Spirit's Reply.

3

Dated: December 9, 2025

Respectfully submitted,

KASOWITZ LLP
By: */s/ Christine A. Montenegro*
Christine A. Montenegro (ct30008)
Lea Dartevelle Erhel (phv 208684)
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
E-mail: cmontenegro@kasowitz.com
       ldartevelle@kasowitz.com

FINN DIXON & HERLING LLP
By: */s/ Tony Miodonka*
Tony Miodonka (ct28262)
Six Landmark Square
Stamford, CT 06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: tmiodonka@fdh.com

*Attorneys for Defendant Easy Spirit, LLC*

## CERTIFICATE OF SERVICE

    I certify that on December 9, 2025, a copy of the foregoing was filed through the Court's electronic filing system.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

                        KASOWITZ LLP

                        By: */s/ Christine A. Montenegro*
                        Christine A. Montenegro (ct30008)
                        Lea Dartevelle Erhel (phv 208684)
                        1633 Broadway
                        New York, New York 10019
                        Tel: (212) 506-1700
                        Fax: (212) 506-1800
                        E-mail: cmontenegro@kasowitz.com
                                     ldartevelle@kasowitz.com