IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>EASY SPIRIT, LLC<br><br>*Defendant.* | Case No. 25-cv-00112 |

**Plaintiff's Opposition to Defendant's Motion for Leave to File
Supplemental Authority or Alternatively Request for a Reply**

Defendant's motion for leave should be denied because their response to the supplemental authority is being used to reargue the same 2018-amendment theory they already pressed at oral argument and in their reply, particularly their reliance on the post-enactment amendment to 47 U.S.C. § 227(e)(8) to argue that Congress drew a categorical line between "calls" and "text messages" elsewhere in § 227. This argument does not pass muster and should be rejected. However, if the Court is inclined to grant leave, Plaintiff respectfully requests leave to file a short sur-reply limited to the amendment issue, so the briefing record is fair and complete.

Defendant's 2018-amendment argument fails to account for a countervailing presumption that was critically important in the *Better Mortgage* case: absent contrary evidence, identical statutory terms presumptively bear a consistent meaning across the statute. *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 85 (2017).

As an initial matter, section 227(e)(8) is textually self-limited and cannot be used to rewrite other subsections. It is the type of "contrary evidence" that prevents Defendant from

1

turning a narrow, technical definitional choice in the Caller ID subsection into a global rewrite of the meaning of "call" across § 227. Put differently: Defendant's theory asks the Court to treat a definition expressly confined to one subsection as if it silently amends the rest of the statute. The text says the opposite. This is precisely the point made in *Wilson v. Better Mortgage Corp.*, where the court rejected the contention that Congress's later use of "text message" in § 227(e)(8) proves § 227(c)'s "telephone call" excludes texts—because the "text message" terminology was added to § 227(e) later, and the definitions there apply only to "this subsection."

Second, the relevant subsections are readily read in harmony—without treating § 227(e)(8) as a cross-statute "dictionary." Section 227(e) is a technical anti-spoofing provision aimed at the transmission of misleading or inaccurate caller-identification information, and it makes sense that Congress (and the FCC) would speak with extra specificity there about the transmission of caller-ID-related information in different communication modes. Notably, § 227(e)(1) does not even use the word "call" as the operative unit of prohibition; it targets the transmission of inaccurate caller-identification information. That context is different from the subscriber-privacy and solicitation framework in § 227(c). Under the Supreme Court's consistent-usage doctrine, that contextual difference is exactly when identical words may carry different implications, and when cross-provision inference is weakest. *Atl. Cleaners & Dyers v. United States*, 286 U.S. 427, 433 (1932); *Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 582 (2004); *Env't Def. v. Duke Energy Corp.*, 549 U.S. 561, 562 (2007).

Indeed, even assuming Defendant properly invoke amendment evolution, it is not an absolute rule. As the D.C. Circuit explained, changes in statutory language may presumptively indicate a change in intent, but that presumption is overcome where context and history do not support the proffered shift. *Planned Parenthood Fed'n of Am., Inc. v. Heckler*, 712 F.2d 650, 658

n.39 (D.C. Cir. 1983) (citing *McElroy v. United States*, 455 U.S. 642, 650 (1982)). *McElroy* specifically cautions that wording changes are a "workable" tool—not an infallible one—and cannot defeat more persuasive contextual evidence of what Congress was doing. *Id.* That is the problem with Defendant's 2018-amendment argument: it treats the later amendment's choice of labels in the Caller ID subsection as if it conclusively redefines the earlier-enacted privacy and solicitation framework—despite the textual limitation to the subsection and despite the distinct statutory objects at issue.

Relatedly, to the extent Defendant's attempt to leverage agency treatment of these provisions, the governing approach is not categorical identity across contexts but reasoned, context-sensitive interpretation. *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 220 (2001). That is consistent with how courts—including in *Piet* and, more directly, *Wilson*—have treated this statutory scheme: they assess whether the statutory text, structure, and regulatory context support the construction at issue, rather than allowing a later, subsection-limited definitional choice to control globally.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: December 11, 2025 | */s/ Anthony I. Paronich* <br> Anthony I. Paronich <br> Paronich Law, P.C. <br> 350 Lincoln Street, Suite 2400 <br> Hingham, MA 02043 <br> (508) 221-1510 <br> anthony@paronichlaw.com <br><br> *Attorneys for Plaintiff and the putative Class* |