IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>  *Plaintiff*,<br><br>v.<br><br>EASY SPIRIT, LLC<br><br>  *Defendant.* | Case No. 25-cv-00112 |

**PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S
MOTION TO STRIKE HIS NOTICE OF SUPPLEMENTAL AUTHORITY**

    The Defendant moves to strike Plaintiff's Notice of Supplemental Authority (ECF No. 81), arguing that it constitutes improper supplemental briefing. The motion should be denied. First, the Defendant itself recently filed its own Notice of Supplemental Authority advising the Court of additional cases it claims support its Motion to Dismiss. (ECF No. 80.) In that filing, Defendant specifically identifies the arguments and pages of its briefing that the cases purportedly support. Defendant's own filing therefore accomplishes the same purpose as Plaintiff's notice: informing the Court of newly issued authority relevant to the pending motion. Striking Plaintiff's notice while allowing Defendant's nearly identical filing would be both unnecessary and unfair.

    Second, Plaintiff's notice merely informs the Court of a recently issued appellate decision and explains its relevance to the issues already before the Court. Courts routinely permit such filings because they assist the Court in considering intervening authority that was unavailable when the original briefing was submitted.

Third, Plaintiff's notice does not violate Local Rule 7(d). The rule limits the number of briefs filed on a motion, but a notice of supplemental authority is not a sur-reply. Rather, it simply alerts the Court to newly issued precedent and briefly explains its relevance so the Court may evaluate the decision in the context of the existing briefing. Courts have also criticized motions to strike notices of supplemental authority as unnecessary and wasteful of judicial resources:

> "To suggest that a party may not file such a notice and inform the Court of subsequent authority is nonsensical. In fact, motions such as [Plaintiffs'] Motion to Strike are a waste of judicial resources, clog the dockets of federal courts, prevent federal courts from addressing the numerous substantive and pertinent motions on their dockets, and hinder the 'just, speedy, and inexpensive determination of every action and proceeding' as contemplated by the Federal Rules of Civil Procedure."

*Sisk v. Abbott Labs.*, No. 1:11CV159, 2012 U.S. Dist. LEXIS 49219, 2012 WL 1164559, at *1 (W.D.N.C. Apr. 9, 2012). Finally, if the Court were inclined to strike Plaintiff's notice, the same reasoning would apply equally to Defendant's own Notice of Supplemental Authority (ECF No. 80), which similarly discusses the relevance of newly issued decisions to the arguments raised in its Motion to Dismiss. The Court should therefore deny Defendant's motion.

For the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion to Strike be denied.

Dated: March 5, 2026

Respectfully Submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff and the putative Class*