# EXHIBIT B

2026 WL 520620
Only the Westlaw citation is currently available.
United States Court of Appeals, Fifth Circuit.

Radley BRADFORD, Plaintiff—Appellant,

v.

SOVEREIGN PEST CONTROL OF TX, INCORPORATED, Defendant—Appellee.

No. 24-20379
|
FILED February 25, 2026

**Synopsis**
**Background:** Customer brought putative class action against pest control company with which he had a service-plan agreement, alleging company violated the Telephone Consumer Protection Act (TCPA) by making prerecorded renewal inspection calls to his cell phone without his express written consent. The United States District Court for the Southern District of Texas, Andrew S. Hanen, J., 744 F.Supp.3d 754, granted summary judgment to company, and customer appealed.

The Court of Appeals, Jennifer Walker Elrod, Chief Judge, held that customer provided prior express consent for company to make prerecorded calls to his cell phone.

Affirmed.

**Procedural Posture(s):** On Appeal; Motion for Summary Judgment.

**West Codenotes**

**Validity Called into Doubt**
47 C.F.R. § 64.1200(a)(2)

Appeal from the United States District Court for the Southern District of Texas, USDC No. 4:23-CV-675, Andrew S. Hanen, U.S. District Judge

**Attorneys and Law Firms**

Jacob Phillips, Attorney (argued), Joshua Jacobson, Jacobson Phillips, P.L.L.C., Winter Park, FL, Avi Robert Kaufman, Kaufman, P.A., Coral Gables, FL, for Plaintiff-Appellant.

Owen Joseph McGovern (argued), David J. Beck, Esq., Anson Fung, Madison Young Moore, Beck Redden, L.L.P., Houston, TX, Christopher Louis Kurzner, Kurzner, P.C., Dallas, TX, for Defendant-Appellee.

Before Elrod, Chief Judge, and Clement and Haynes, Circuit Judges.

**Opinion**

Jennifer Walker Elrod, Chief Judge:

**\*1** Radley Bradford appeals the district court's summary judgment in favor of Sovereign Pest Control of TX, Inc., arguing that Sovereign Pest violated the Telephone Consumer Protection Act of 1991 by placing pre-recorded calls to Bradford's cell phone. The district court determined that Sovereign Pest's calls did not constitute telemarketing and that Bradford provided prior express consent. On appeal, Bradford contends that Sovereign Pest's calls do count as telemarketing and that he did not provide prior express consent. Because we agree that Bradford provided prior express consent, and because the TCPA requires no more for any type of pre-recorded calls, we AFFIRM.

I

Bradford entered into a contract with Sovereign Pest, a Texas pest-control company, under which Sovereign Pest agreed to provide pest-control treatment for Bradford's home On this service-plan agreement, Bradford provided his cell-phone number. He later explained that he had given his phone number in case Sovereign Pest "needed to get in contact" with him.

During the life of the service-plan agreement, Sovereign Pest placed multiple pre-recorded calls to Bradford, including, as relevant here, pre-recorded calls seeking to schedule a "renewal inspection."[1] After receiving those calls, Bradford did indeed schedule inspections. And he renewed his service plan four times.

Bradford filed this putative class-action lawsuit against Sovereign Pest. See 47 U.S.C. § 227(b)(3). He alleged that Sovereign Pest had violated the TCPA by sending him "unsolicited prerecorded calls ... for years" because Sovereign Pest did not obtain his "prior express written consent" for the renewal-inspection calls. He sought damages and declaratory relief. The district court granted summary judgment for Sovereign Pest, concluding that Sovereign Pest's calls did not constitute telemarketing and that Bradford provided prior express consent. See 47 C.F.R. § 64.1200(a)(1)–(2). Bradford timely appealed. See Fed. R. App. P. 4(a)(1)(A).

II

We review summary judgments *de novo*, applying the same standard as the district court. E.g., *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant—here, Sovereign Pest—must demonstrate its entitlement to summary judgment. E.g., *Addicks Servs., Inc. v. GGP-Bridgeland, LP*, 596 F.3d 286, 293 (5th Cir. 2010).

A

"Robocalls and robotexts are nuisances," so "Congress banned them in the" TCPA. *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021). Specifically, and as relevant here, the TCPA makes it "unlawful for any person within the United States" to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to," among other things, a "cellular telephone service, ... or any service for which the party is charged for the call." 47 U.S.C. § 227(b)(1), (b)(1)(A), (b)(1)(A)(iii). Congress has charged the Federal Communications Commission with "prescrib[ing] regulations to implement" the TCPA. *Id.* § 227(b)(2).

**\*2** The regulation relevant to this case mostly tracks the statute. See 47 C.F.R. § 64.1200(a)(1); *see also id.* § 64.1200(a)(1)(iii). But that regulation also adds a prohibition that the statute does not contain: It forbids "initiat[ing], or caus[ing] to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using ... an artificial or prerecorded

voice, ... other than a call made with the prior express *written* consent of the called party." Id. § 64.1200(a)(2) (emphasis added); *see also id.* § 64.1200(f)(9) (defining *prior express written consent*).

The FCC has thus distinguished between telemarketing calls and purely non-telemarketing calls, which the Commission has dubbed "informational calls." *In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1831, 1841, 1868 (Feb. 15, 2012) [hereinafter *Implementing the TCPA*]; *see id.* at 1838, 1841 (giving examples of "informational calls"); *see also* 47 C.F.R. § 64.1200(a)(2). The Commission requires "prior express *written* consent" for pre-recorded telemarketing calls to wireless numbers, but not for "informational calls," for which it "maintain[s] flexibility in the form of consent needed." *Implementing the TCPA*, 27 FCC Rcd. at 1831 (emphasis added), 1841, 1869.

B

The district court properly granted summary judgment because, as that court correctly concluded, Bradford provided prior express consent. In enforcement proceedings like this one, courts must interpret the meaning of Congress's enacted text according to ordinary principles of statutory interpretation, without deference to an agency's reading. *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 155, 145 S.Ct. 2006, 222 L.Ed.2d 405 (2025) (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 402, 144 S.Ct. 2244, 219 L.Ed.2d 832 (2024)); *Loper Bright*, 603 U.S. at 403, 144 S.Ct. 2244 ("Courts interpret statutes, no matter the context, based on the traditional tools of statutory construction."). And "[t]he appropriate starting point when interpreting any statute is its plain meaning." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)); *see United States v. Northington*, 77 F.4th 331, 334 (5th Cir. 2023). Here, the statute prohibits pre-recorded calls to wireless numbers absent "the prior express consent of the called party." 47 U.S.C. § 227(b)(1), (b)(1)(A), (b)(1)(A)(iii).

"[P]rior express consent" encompasses both oral and written consent for both telemarketing and informational calls. When Congress enacted the TCPA, "express consent" meant consent that is "directly given, either *viva voce* or in writing. It is positive, direct, unequivocal consent, requiring no inference or implication to supply its meaning." *Express consent*, Black's Law Dictionary (6th ed. 1990). *Viva voce*, a Latin term, means "[w]ith the living voice; by word of mouth." *Viva voce*, Black's Law Dictionary (6th ed. 1990).

Thus, contrary to the FCC's regulation, Congress permits either written or oral consent for any auto-dialed or pre-recorded call, as the TCPA specifically permits such calls if the caller has "the prior express consent of the called party." 47 U.S.C. § 227(b)(1), (b)(1)(A), (b)(1)(A)(iii). The statute provides no basis for concluding that telemarketing calls require prior express *written* consent but not oral consent. *Contra* 47 C.F.R. § 64.1200(a)(2). Whether Sovereign Pest's pre-recorded calls to Bradford qualify as telemarketing or informational calls, those calls required only prior express consent from Bradford.

*3 And, as the district court concluded, Bradford gave prior express consent. He provided his cell-phone number when he entered into the service-plan agreement with Sovereign Pest. Bradford has expressly stated that he gave Sovereign Pest his phone number so that the company could get in touch with him. He confirmed that Sovereign Pest could call him on his cell phone during later conversations with the company. Bradford apparently envisioned that Sovereign Pest would call him for "appointment reminders" because the parties "had an established business relationship." But he did not so limit the calls when he provided his cell-phone number, and he never objected to Sovereign Pest's calls or asked the company not to call him. We thus hold that Bradford provided prior express consent.

We also note that the service-plan agreement provided that Sovereign Pest and Bradford could "extend the agreement annually" for another year if both parties consented. The inspections to which Sovereign Pest's renewal-inspection calls led facilitated Sovereign Pest's decision to renew the agreement. Despite Bradford's protestations about the renewal-inspection calls now, he chose to renew the service-plan agreement four times. This continuing relationship supports our understanding that Bradford's express consent encompassed calls of this type.

In the district court, Bradford contended only that Sovereign Pest had not obtained his prior express *written* consent. But, as we have already explained, the statute does not require prior express written consent. 47 U.S.C. § 227(b)(1), (b)(1)(A), (b)(1)(A)(iii). In his opening brief to this court, Bradford contended merely that Sovereign Pest's calls constituted telemarketing and thus required prior express written consent.

In reply and in supplemental briefing, Bradford maintains that giving his phone number to Sovereign Pest, without more, constitutes only implicit, not express, consent and that the FCC wrongly interpreted the TCPA when it concluded otherwise. *See In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8769 (Oct. 16, 1992) ("[T]elemarketers will not violate our rules by calling a number which was provided as one at which the called party wishes to be reached."). But "arguments raised for the first time in reply are generally forfeited." *See, e.g., Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 745 (5th Cir. 2023) (citing *Sahara Health Care, Inc. v. Azar*, 975 F.3d 523, 528 n.5 (5th Cir. 2020)). And Bradford's implicit-consent argument fails in any event because, as we have discussed, he gave prior express consent.

We AFFIRM the district court's summary judgment in Sovereign Pest's favor.

**All Citations**

--- F.4th ----, 2026 WL 520620

Footnotes

1   Sovereign Pest hired another company, Southern Pest Control, to make calls on Sovereign Pest's behalf. As no one disputes that *Southern* Pest Control makes these calls for *Sovereign* Pest Control, we refer to the calls as Sovereign Pest's for simplicity.

---

**End of Document**                                  © 2026 Thomson Reuters. No claim to original U.S. Government Works.