# EXHIBIT A

Case 3:25-cv-00112-SFR    Document 86-1    Filed 03/25/26    Page 2 of 4

2026 WL 810929
Only the Westlaw citation is currently available.
United States District Court,
N.D. Georgia, Newnan Division.

ETHAN RADVANSKY, on behalf of himself and others similarly situated, Plaintiff,

v.

KENDO HOLDINGS, INC., doing business as Fenty Beauty, Defendant.

CIVIL ACTION NO. 3:23-cv-00214-LMM
|
Filed 02/12/2026

**Attorneys and Law Firms**

Aaron D. Radbil, James Davidson, Greenwald Davidson & Radbil, PLLC, Boca Raton, FL, Anthony I. Paronich, Pro Hac Vice, Paronich Law, P.C., Hingham, MA, Steven Howard Koval, The Koval Firm, LLC, Atlanta, GA, for Plaintiff.

Lori Chang, Pro Hac Vice, Greenberg Traurig, LLP, Los Angeles, CA, William Evan Eye, Eva M. Spahn, Steven Rosenwasser, Greenberg Traurig, LLP, Atlanta, GA, for Defendant.

## ORDER

Leigh Martin May Chief United States District Judge

**\*1** This case comes before the Court on Defendant's Motion for Judgment on the Pleadings [43]. After due consideration, this Court enters the following Order.

## I. BACKGROUND

This action arises from telemarketing text messages Defendant sent to Plaintiff. Dkt. No. [1]. Plaintiff owns a cell phone, which he uses for personal purposes and not for a business. Id. ¶¶ 11–13. Plaintiff registered his cell phone number on the national do-not-call registry on April 18, 2023. Id. ¶ 14. Since that date, Plaintiff has received at least seventeen text messages from Defendant, which advertised and marketed Defendant's business. Id. ¶¶ 15–19. Plaintiff brings this suit as a putative class action, alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA") by sending him text messages after he registered with the national do-not-call registry. Id. ¶¶ 52–60. Defendant now moves for judgment on the pleadings. Dkt. No. [43].

## II. LEGAL STANDARD

After the pleadings are closed, but early enough not to delay trial, a party may file a Rule 12(c) motion for judgment on the pleadings. Fed. R. Civ. P. 12(c), (h)(2)(B). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998); accord Cunningham v. Dist. Atty's. Off. for Escambia Cty., 592 F.3d 1237, 1255 (11th Cir. 2010); Andrx Pharms., Inc. v. Elan Corp., 421 F.3d 1227, 1232-33 (11th Cir. 2005).

A Rule 12(c) " 'motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss.' " WESI, LLC v. Compass Envtl., Inc., 509 F. Supp. 2d 1353, 1357 (N.D. Ga. 2007) (quoting Provident Mut. Life Ins. Co. of Philadelphia v. City of Atlanta, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994)); see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002) (stating that the standard under Rule 12(b)(6) and Rule 12(c) is the same).

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id. (citing Twombly, 550 U.S. at 556). While this pleading standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 at 555).

At the motion to dismiss stage, " 'all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.' " FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006)). However, this principle does not apply to legal conclusions set forth in the complaint. Iqbal, 556 U.S. at 678. Nor will the Court "accept as true a

legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

### III. DISCUSSION

**\*2** Defendant moves for judgment on the pleadings, arguing that Plaintiff's sole claim fails for two separate and independent reasons. Dkt. No. [43-1]. First, Defendant argues that Plaintiff cannot bring suit under 47 U.S.C. § 227(c) because that provision does not apply to cell phone users. Id. at 13–14. Second, Defendant argues that Section 227(c)(5) applies only to phone calls and not text messages. Id. at 14–15. Plaintiff opposes each of these arguments. Dkt. No. [46]. However, as explained below, the Court agrees with Defendant that Section 227(c)(5) does not apply to text messages, so the Court need not address Defendant's separate argument.

As an initial matter, the Court notes that the Supreme Court's decision in McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp., 606 U.S. 146 (2025), is informative in interpreting the TCPA. In McLaughlin, the Supreme Court held that the Hobbs Act does not preclude district courts from disagreeing with the FCC's interpretations of the TCPA. McLaughlin, 146 U.S. at 162. Thus, in light of McLaughlin, this Court must independently—and without deference to the FCC's decision—evaluate Defendant's argument that the term "telephone call" excludes text messages.

The Court begins its analysis with the "plain language of the provision to be interpreted." Pugliese v. Pukka Dev., Inc., 550 F.3d 1299, 1303 (11th Cir. 2008) (citation modified). If the Court finds the text to be clear, then the analysis ends there too. See Young v. Grand Canyon Univ., Inc., 980 F.3d 814, 819 (11th Cir. 2020). Here, Section 227(c)(5) creates a private right of action if a person "received more than one telephone call" in violation of the TCPA. 47 U.S.C. § 227(c)(5). As the only other district courts in the Eleventh Circuit to substantively take up this question have noted, "the statutory text here is clear, and a text message is not a 'telephone call.' "[1] See Davis v. CVS Pharmacy, Inc., 797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025) (citation modified); Sayed v. Naturopathica Holistic Health, Inc., No. 8:25-CV-00847-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025) (quoting id.). While the analysis can end here, Plaintiff argues against this conclusion for four reasons, which the Court will address in turn.

First, Plaintiff argues that Section 227(c) regulates "telephone solicitations," which includes text messages. Dkt. No. [46] at 19–20. It is true that Section 227(c)(1) uses the term "telephone solicitations," which is defined to include "messages," but Section 227(c)(5)—the specific provision under which Plaintiff pursues a private right of action here—refers solely to "telephone calls." See 47 U.S.C. § 227(a)(4), (c)(1); cf. 47 U.S.C. § 227(c)(5). Thus, Congress's decision to use a different term "in a neighboring provision only undermines [Plaintiff's] position" because "[i]t shows that Congress does not use the term 'telephone call' to encompass all 'messages.' " Davis, 797 F. Supp. 3d at 1274.

**\*3** Second, Plaintiff argues that Section 227(c)(5) does not use the term "text message" because the TCPA was enacted before the first text message was sent. Dkt. No. [46] at 20–21. However, Congress has since amended the TCPA and specifically uses the term "text message" in a neighboring provision. See 47 U.S.C. § 227(e)(8)(C). Thus, "when Congress uses different terms, we expect that they hold different meanings, especially when the same meaning would render one of the terms superfluous." Fernandez v. Seaboard Marine LTD., 135 F.4th 939, 958 (11th Cir. 2025).

Third, Plaintiff cites the Supreme Court's decision in Campbell-Ewald Co. v. Gomez, 577 U.S. 153 (2016), to support the proposition that a text message is included in the contemporary definition of the word "call."[2] Dkt. No. [46] at 21–22. However, in that case the Supreme Court "assumed, but did not decide," whether a text message falls into a broader prohibition of "any call" because it was not disputed.[3] Davis, 797 F.Supp.3d at 1273; see Campbell-Ewald, 577 U.S. at 156. Thus, the Supreme Court's prior decisions provide no "binding interpretation of the statutory term 'telephone call' at issue here." Davis, 797 F. Supp. 3d at 1273.

Finally, Plaintiff argues that a neighboring provision uses the term "call" to include prohibited transmission to a paging device as well as a telephone, which Plaintiff argues necessarily encompasses text transmissions. Dkt. No. [46] at 22–23 (citing 47 U.S.C. § 227(b)(1)(A)). Nevertheless, this provision refers to "any call" from "any automatic telephone dialing system" while Section 227(c)(5) refers specifically to a "telephone call." Thus, the Court is not persuaded that other terms in neighboring provisions encompassing other technology alter the plain reading of a "telephone call." Therefore, because the Court finds that text messages do not fall within the term "telephone call" under Section 227(c)(5), Plaintiff's claim fails as a matter of law.

Case 3:25-cv-00112-SFR    Document 86-1    Filed 03/25/26    Page 4 of 4

**IV. CONCLUSION**

In accordance with the foregoing, Defendant's Motion for Judgment on the Pleadings [43] is **GRANTED**. Plaintiff's Complaint is **DISMISSED**. The Clerk is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED** this 12th day of February, 2026.

**All Citations**

Slip Copy, 2026 WL 810929

## Footnotes

1     After the parties' briefing, Plaintiff filed several notices of supplemental authority to support its position. See Dkt. Nos. [47, 48, 50, 52, 53, 55, 56]. But none of the authority is binding on this Court and only one case comes from a district court in the Eleventh Circuit. See Dkt. No. [47] ¶ 4 (citing Bosley v. A Bradley Hosp. LLC, No. 25-CV-22336, 2025 WL 2686984, at *5 (S.D. Fla. Sept. 19, 2025). And in Bosley, the court did not substantively address the question because it appears the parties in that case did not dispute whether a text message constitutes a "call" under the TCPA. 2025 WL 2686984, at *5. Moreover, the cases that court cited to support its proposition were all issued before the Supreme Court's McLaughlin decision. See id. (collecting cases). Regardless, this Court is not bound by that decision.

2     Additionally, the Court is not persuaded by Plaintiff's request to adopt what he describes as the Ninth Circuit's approach in a case decided prior to McLaughlin. Dkt. No. [46] at 8, 21 (citing Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 953–54 & n.3 (9th Cir. 2009). Plaintiff identifies no such precedent in the Eleventh Circuit, and the Court finds none.

3     Plaintiff appears to dispute whether the Supreme Court's language in Campbell-Ewald is dicta. Dkt. No. [46] at 24, n.15. Regardless, that case discussed the term "any call" in Section 227(b)(1)(A)(iii) rather than "telephone call" in Section 227(c)(5). Campbell-Ewald, 577 U.S. at 156. And Plaintiff provides no binding support for his requested interpretation of Section 227(c)(5).

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.