**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| |
|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, <br><br>             Plaintiff, <br><br> *v.* <br><br> EASY SPIRIT, LLC, <br><br>             Defendant. |

Case No.: 25-cv-00112-SFR

April 14, 2026

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**EASY SPIRIT, LLC TO AMENDED CLASS ACTION COMPLAINT**

Defendant Easy Spirit, LLC ("Defendant") hereby responds to the allegations in the Amended Class Action Complaint (the "Amended Complaint") of plaintiff Chet Michael Wilson, individually and on behalf of all others similarly situated (the "Plaintiff") in accordance with the numbered paragraphs thereof and states its defenses to each claim asserted against it.

**ANSWER**

1.    Defendant admits that Plaintiff has brought this action against Defendant. Defendant denies that Plaintiff has stated a claim pursuant to Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), that class certification is warranted, and that Plaintiff is entitled to any recovery against Defendant.

2.    Defendant denies the allegations in paragraph 2.

**PARTIES**

3.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 3.

4.    Defendant admits the allegations in paragraph 4.

## JURISDICTION AND VENUE

5.      Paragraph 5 states a legal conclusion to which no response is required.

6.      Paragraph 6 states a legal conclusion to which no response is required.

## INTRODUCTION

7.      Defendant denies the allegations in paragraph 7 except refers to the purported statements referenced therein for the contents thereof.

8.      Defendant denies the allegations in paragraph 8 except refers to the purported statements referenced therein for the contents thereof.

## PLAINTIFF'S ALLEGATIONS

9.      Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 9.

10.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 10.

11.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 11.

12.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 12.

13.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 13.

14.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 14.

15.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 15.

16. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19 except refers to the purported text messages referenced therein for the contents thereof.

20. Defendant denies the allegations in paragraph 20.

21. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

## CLASS ALLEGATIONS

26. Paragraph 26 is a statement that does not require any admission or denial on the part of Defendant.

27. Defendant denies all allegations in paragraph 27.

28. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 28.

29. Defendant denies all allegations in paragraph 29.

30. Defendant denies all allegations in paragraph 30.

31. Defendant denies all allegations in paragraph 31.

32. Defendant denies all allegations in paragraph 32.

33.    Defendant denies all allegations in paragraph 33.

34.    Defendant denies all allegations in paragraph 34.

### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

35.    Paragraph 35 is a statement that does not require any admission or denial on the part of Defendant.

36.    Paragraph 36 states a legal conclusion to which no response is required.

37.    Defendant denies the allegations in paragraph 37.

38.    Defendant denies the allegations in paragraph 38.

39.    Defendant denies the allegations in paragraph 39.

40.    Defendant denies the allegations in paragraph 40.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The putative class asserted in the Amended Complaint is inappropriate for class certification because the class is not so numerous that joinder of all members is impracticable, as required by Fed. R. Civ. P. 23(a)(1).

### Third Affirmative Defense

The putative class asserted in the Amended Complaint is inappropriate for class certification because there are no questions of law or fact common to the class, as required by Fed. R. Civ. P. 23(a)(2).

### Fourth Affirmative Defense

-4-

The putative class asserted in the Amended Complaint is inappropriate for class certification because Plaintiff's claim is not typical of the claims of other class members of the asserted putative class, as required by Fed. R. Civ. P. 23(a)(3).

### Fifth Affirmative Defense

The putative class asserted in the Amended Complaint is inappropriate for class certification because Plaintiff is not able to fairly and adequately protect the interests of all members of the alleged putative class, as required by Fed. R. Civ.P. 23(a)(4).

### Sixth Affirmative Defense

The putative class asserted in the Amended Complaint is inappropriate for class certification because common issues of law and fact do not predominate over individual issues, as required by Fed.R. Civ. P. 23(b)(3).

### Seventh Affirmative Defense

The putative class asserted in the Amended Complaint is inappropriate for class certification because a class action is not superior to other methods for fairly and efficiently adjudicating this controversy, as required by Fed. R. Civ. P. 23(b)(3).

### Eighth Affirmative Defense

Plaintiff's class allegations are barred because each alleged class member gave their valid prior express consent, invitation or permission for Defendant to contact them.

### Ninth Affirmative Defense

Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations set out under the TCPA.

### Tenth Affirmative Defense

Defendant's conduct complied with applicable regulations, including without limitation, the safe harbor provisions of 47 C.F.R. § 64.1200.

### Eleventh Affirmative Defense

Defendant's actions were taken in good faith, in reliance upon information provided by its customers and others, and with a reasonable belief that such actions were legal, necessary and appropriate. The conduct alleged to be in violation of a statute, if any such conduct occurred, was not willful or knowing, purely unintentional or the result of error or mistake, and occurred, if at all, despite Defendant's reasonable and appropriate efforts to avoid any such violation.

### Twelfth Affirmative Defense

Plaintiff lacks constitutional and prudential standing to bring his claims.

### Thirteenth Affirmative Defense

Plaintiff's claim for relief is barred by Plaintiff's knowledge, acts, omissions, and conduct. Plaintiff's claim arises out of Plaintiff's own negligence, carelessness, or intentional acts.

### Fourteenth Affirmative Defense

Plaintiff is entitled to no relief due to the doctrine of unclean hands.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred because Defendant reasonably relied on the good faith belief that Plaintiff had given valid prior express consent, invitation, or permission for Defendant to contact him.

### Sixteenth Affirmative Defense

Plaintiff is not entitled to any actual or statutory damages under the TCPA.

### Seventeenth Affirmative Defense

Plaintiff does not fall within the scope of "persons" protected by the TCPA.

### Eighteenth Affirmative Defense

Plaintiff does not have interests that fall within the zone of interests that Congress enacted the TCPA to protect.

### Nineteenth Affirmative Defense

Plaintiff's Amended Complaint, and every cause of action therein, is barred by the doctrine of judicial estoppel.

### Twentieth Affirmative Defense

The Plaintiff and/or putative class members' claims are barred, in whole or in part, by the doctrine of ratification or because Plaintiff and/or putative class members acquiesced to any conduct attributable to Defendant, notably by declining to utilize any opt-out mechanism provided for by Defendant.

### Twenty-First Affirmative Defense

Plaintiff and the putative class members lacks standing under Article III of the Constitution and, therefore, are not entitled to pursue the instant suit in federal court.  Plaintiff and the putative class members have not suffered a concrete and particularized injury as a result of the conduct alleged in the Amended Complaint.

### Twenty-Second Affirmative Defense

The alleged communications do not constitute prohibited communications under 47 C.F.R. § 64.1200(c) and 47 U.S.C. § 227(a)(4).

### Twenty-Third Affirmative Defense

To the extent Plaintiff seeks to represent a nationwide class, this Court lacks personal jurisdiction over the claims of absent class members whose injuries are not connected to Defendant's conduct within this judicial district or within the forum state.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant had an established business relationship with Plaintiff or the recipient of the call(s) in question, within the meaning of the TCPA and applicable FCC rules and regulations, which permits such communications.

### Twenty-Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part by a prior settlement or release of claims. Upon information and belief, Plaintiff has previously entered into one or more settlement agreements resolving claims arising from substantially the same conduct alleged in this action. Defendant reserves the right to rely on the terms of any such prior settlement or release, once identified, to bar or limit recovery.

### Twenty-Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of illegality. Plaintiff engaged in unlawful, deceptive, or otherwise improper conduct in connection with the subject matter of this lawsuit, including conduct that induced, contributed to, or caused the alleged harm.

### Twenty-Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because any award of statutory damages would be unconstitutional and unenforceable to the extent it is excessive, unreasonable, or disproportionate, particularly where such damages are aggregated on a class-wide basis in a

manner that bears no reasonable relationship to any actual harm and would result in an oppressive or confiscatory penalty in violation of the Due Process Clause.

### **Twenty-Eighth Affirmative Defense**

This action and any relief sought by Plaintiff may be barred in whole or in part by additional defenses that cannot now be articulated because of the generality of aspects of Plaintiff's pleading and the fact that discovery has not yet been taken.  Accordingly, Defendant reserves the right to supplement the foregoing and to raise additional defenses as may appear during the progress of this case to the full extent allowed under applicable law.

KASOWITZ LLP

By: */s/ Christine A. Montenegro*
Christine A. Montenegro (ct30008)
Lea Dartevelle Erhel (pro hac vice)
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
E-mail: cmontenegro@kasowitz.com
          ldartevelle@kasowitz.com

FINN DIXON & HERLING LLP
By: */s/ Tony Miodonka*
Tony Miodonka (ct28262)
Six Landmark Square
Stamford, CT 06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: tmiodonka@fdh.com

*Attorneys for Defendant Easy Spirit, LLC*

## CERTIFICATION

I hereby certify that on April 14, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

KASOWITZ LLP

By: */s/ Christine A. Montenegro*
Christine A. Montenegro (ct30008)
Lea Dartevelle Erhel (pro hac vice)
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
E-mail: cmontenegro@kasowitz.com
        ldartevelle@kasowitz.com