# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOUREY NEWELL,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**RXLINK INC.**<br><br>*Defendant.* | Case No.<br><br>2:25-cv-4270-MRP |

## <u>ORDER</u>

**AND NOW**, this 9th day of April, 2026, upon consideration of the Defendant's

Application for Interlocutory Appeal (ECF 44) and Plaintiffs' opposition (ECF 47), it is

hereby **ORDERED** that Defendant's motion is **DENIED**.[1]

---

[1] Defendant RxLink Inc. moves for certification of this Court's March 12, 2026 Order denying its motion to dismiss for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). RxLink seeks certification of a single issue: whether text messages are actionable under the Telephone Consumer Protection Act (TCPA)'s private right of action for do-not-call violations, 47 U.S.C. § 227(c)(5). RxLink does not seek interlocutory review of its other arguments, including its contentions that the messages at issue were not telephone solicitations and that an emergency purpose theory bars relief; instead, it states that those arguments may be raised at summary judgment.

Section 1292(b) provides a narrow exception to the final judgment rule. A district court may certify a non-final order for interlocutory appeal only if the court is "of the opinion" that the order: (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). All three requirements must be met, and even where they are, certification remains discretionary. In evaluating these factors, "the court must remember that ... [a] motion should not be granted merely because a party disagrees with the ruling of the district judge." *Max Daetwyler Corp. v. Meyer,* 575 F.Supp. 280, 282 (E.D.Pa.1983).

Interlocutory appeal under § 1292(b) is "used sparingly in exceptional" cases. 16 Charles A. Wright, et al., Federal Practice and Procedure, § 3929, at 134 (1977). An appeal under this section is an exception to the important policy of avoiding "piecemeal appellate review of trial court decisions which do not terminate the litigation." *Hulmes v. Honda Motor Co.,* 936 F. Supp. 195, 208 (D.N.J. 1996), *aff'd*, 141 F.3d 1154 (3d Cir. 1998) (citing *United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 265 (1982).

Defendant has not shown that this is the exceptional case contemplated by 28 U.S.C. § 1292(b). Its claimed

BY THE COURT:

_____

Hon. Mia R. Perez

---

"disagreement" rests largely on a handful of out-of-circuit district court decisions, not any conflict within this Circuit, while Plaintiff identifies authority supporting this Court's conclusion that text messages may qualify as "calls" under the TCPA. In addition, immediate appeal would not materially advance the termination of the litigation where Defendant seeks review of only one issue and states that it will pursue its remaining arguments at summary judgment.

Therefore, Defendants' application for certification is denied.