UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>*v.*<br><br>EASY SPIRIT, LLC,<br><br>        Defendant. | Case No.: 25-cv-00112-SFR<br><br><br>ORAL ARGUMENT REQUESTED |

## DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR <u>CERTIFICATION OF INTERLOCUTORY APPEAL</u>

KASOWITZ LLP
Christine A. Montenegro (ct30008)
Lea Dartevelle Erhel (phv 108684)
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
E-mail: cmontenegro@kasowitz.com
       ldartevelle@kasowitz.com

FINN DIXON & HERLING LLP
Tony Miodonka (ct28262)
Six Landmark Square
Stamford, CT 06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: tmiodonka@fdh.com

*Attorneys for Defendant Easy Spirit, LLC*

TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

I.    PLAINTIFF CONCEDES THE CONTROLLING QUESTION AND MATERIAL
      ADVANCEMENT PRONGS ARE SATISFIED ................................................... 2

II.   SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION EXISTS UNDER
      CONTROLLING SECOND CIRCUIT STANDARDS ......................................... 3

      A.    Section 1292(b) Does Not Require a Circuit Split Nor Does It Require A
            Majority Of Courts To Reach A Certain Conclusion. ............................. 4

      B.    The Second Prong Is Satisfied Because Both Controlling Questions Are Novel
            Matters of First Impression in the Second Circuit ................................... 5

      C.    The Strength of the Opposing Arguments Confirms a Substantial Ground for
            Dispute ..................................................................................................... 7

      D.    This Court's Ruling Is in Tension with Second Circuit Authority, an
            Independent Basis for Certification .......................................................... 8

III.  PLAINTIFF'S OTHER ARGUMENTS IN HIS OPPOSITION ARE UNAVAILING
      AND DO NOT DEFEAT CERTIFICATION. .................................................... 10

      A.    *Howard* is an Inapposite out-of-circuit case that Addresses § 227(b), Not
            § 227(c)(5) ............................................................................................... 10

      B.    Plaintiff's Second Circuit Cases Do Not Settle the § 227(c)(5) Question ............ 11

      C.    *Dilanyan* Supports Certification, Not Denial........................................... 12

IV.   A STAY PENDING APPEAL IS WARRANTED ............................................. 12

CONCLUSION............................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Elzanaty*,
No. 11-CV-3862 ADS ARL, 2013 WL 2154759 (E.D.N.Y. May 16, 2013) ...........................5

*Balintulo v. Daimler AG*,
727 F.3d 174 (2d Cir. 2013)......................................................................................................4

*Bank v. Simple Health Plans LLC*,
2019 U.S. Dist. LEXIS 215228 (E.D. NY. 2019)....................................................................11

*Capitol Recs., LLC v. Vimeo, LLC*,
972 F. Supp. 2d 537 (S.D.N.Y. 2013).......................................................................................6

*Dilanyan v. Hugo Boss Fashions, Inc.*,
No. 2:25-CV-05093, 2025 WL 3549868 (C.D. Cal. Dec. 3, 2025)..................................12, 13

*Dinsmore v. Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin*,
945 F. Supp. 84 (S.D.N.Y. 1996), *rev'd on other grounds*, 135 F.3d 837 (2d Cir. 1998) ........6

*Felske v. Hirschmann*,
No. 10 Civ. 8899, 2012 WL 716632 (S.D.N.Y. Mar. 1, 2012) .................................................3

*Howard v. Republican Nat'l Comm.*,
164 F.4th 1119 (9th Cir. 2026) ...............................................................................................10

*Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*,
2009 WL 2777076 (S.D.N.Y. Sept. 1, 2009)...........................................................................12

*Islam v. Lyft, Inc.*,
No. 20-CV-3004, 2021 WL 2651653 (S.D.N.Y. June 28, 2021) ..............................................5

*Jackson v. Caribbean Cruise Line, Inc.*,
88 F. Supp. 3d 129 (E.D. NY. 2015) .......................................................................................11

*James v. Smarter Contact, Inc.*,
No. 8:25-CV-1657, 2026 WL 879244 (M.D. Fla. Mar. 31, 2026), at *3–4
(M.D. Fla. 2026) ......................................................................................................................10

*Jones v. Blackstone Med. Servs.*,
792 F. Supp. 3d 896 (C.D. Ill. 2025) ......................................................................................10

*Kinkead v. Humana, Inc.*,
No. 3:15-CV-01637, 2016 WL 9453808 (D. Conn. Oct. 13, 2016)...................................8, 13

*Klinghoffer v. S.N.C. Achille Lauro*,
   921 F.2d 21 (2d Cir. 1990)................................................................................................4

*Krady v. Eleven Salon Spa*,
   2017 U.S. Dist. LEXIS 120139 (E.D. N.Y. 2017).........................................................11

*Lockhart v. United States*,
   577 U.S. 347 (2016)..........................................................................................................6

*Max Daetwyler Corp. v. Meyer*,
   575 F. Supp. 280 (E.D. Pa. 1983), *aff'd sub nom.*, 762 F.2d 290 (3d Cir. 1985) .................5, 7

*Melito v. Am. Eagle Outfitters, Inc.*,
   No. 14 CV 02440, 2015 WL 7736547 (S.D.N.Y. Nov. 30, 2015) .........................................11

*Metten v. Town Sports Int'l, LLC*,
   No. 18-CV-4226 2019 WL 1299939 (S.D.N.Y. Mar. 21, 2019)..............................................11

*Newell v. Rxlink Inc.*,
   Civil Action No. 25-cv-4270-MRP, ECF 48 (E.D. P.A. April 9, 2026)....................................1

*Pen Am. Ctr., Inc. v. Trump*,
   No. 18 Civ. 9433, 2020 WL 5836419 (S.D.N.Y. Oct. 1, 2020) .................................................6

*Republic of Colombia v. Diageo N. Am. Inc.*,
   619 F. Supp. 2d 7 (E.D.N.Y. 2007) .........................................................................................6

*Radvansky v. Kendo Holdings, Inc.*,
   No. 3:23-CV-00214-LMM, 2026 WL 810929 (N.D. Ga. Feb. 12, 2026) ...............................7

*Rotberg v. Jos. A. Bank Clothiers, Inc.*,
   345 F. Supp. 3d 466 (S.D.N.Y. 2018)......................................................................................11

*Sait Kurmangaliyev v. Delta Airlines, Inc.*,
   No. 25-cv-3423-LDH (E.D.N.Y. Mar. 31, 2026) ....................................................................9

*Satterfield v. Simon & Schuster, Inc.*,
   569 F.3d 946 (9th Cir. 2009) ...................................................................................................11

*Sharma v. Rent the Runway, Inc.*,
   799 F. Supp. 3d 129 (E.D.N.Y. 2025) .....................................................................................9

*Silva v. Schmidt Baking Distrib., LLC*,
   162 F.4th 354 (2d Cir. 2025) ....................................................................................................4

*Skylon Corp. v. Guilford Mills, Inc.*,
   901 F. Supp. 711 (S.D.N.Y. 1995) ...........................................................................................7

*Soliman v. Subway Franchisee Advertising Fund Trust, Ltd.*,
   101 F.4th 176 (2d Cir. 2024) ...............................................................................9, 10

*Tolbert v. Queens Coll.*,
   242 F.3d 58 (2d Cir. 2001)......................................................................................3

*Traub v. Cornell U.*,
   No. 94-CV-502, 1999 WL 224804, (N.D.N.Y. Apr. 12, 1999).................................7

*United States ex rel. Quartararo v. Catholic Health System of Long Island Inc.*,
   521 F.Supp.3d 265 (2021) ...................................................................................3, 6

*Weber v. United States*,
   484 F.3d 154 (2d Cir. 2007)..............................................................................2, 6, 8

**Statutes**

28 U.S.C. § 1292(b) ..................................................................................... *passim*

Defendant[1] respectfully submits this Reply in further support of its Motion for Certification of Interlocutory Appeal ("Motion" or "Mot.") (ECF. 92-1).

## INTRODUCTION

Easy Spirit has demonstrated that it has satisfied all three prongs under 28 U.S.C. § 1292(b) to warrant certification of the Order for interlocutory appeal. Plaintiff's Opposition goes to great lengths to characterize the novel issues of first impression as "routine" but does not rebut Easy Spirit's showing. Opp. at 1. In fact, Plaintiff does not – because he cannot – challenge that the first prong is satisfied because the application involves two controlling questions of law of purely statutory interpretation, namely whether § 227(c)(5) extends to text messages and cellular subscribers.

Nor does the Plaintiff challenge that the third prong is satisfied because a reversal of the Court's Order would terminate the case entirely. This case stands in stark contrast to plaintiff's cited case, *Newell v. Rxlink Inc*., Civil Action No. 25-cv-4270-MRP, ECF 48 (E.D. P.A. April 9, 2026), in which a reversal on appeal would not terminate the case because the movant did not seek appellate review of issues that would be decided later at summary judgment. Opp. at 2. Here, if the Second Circuit resolves the threshold issues – finding that § 227(c)(5) does not extend to text messages and to cellular subscribers – the case will be dismissed in its entirety and the parties would avoid protracted litigation and costly class discovery. Plaintiff's Opposition does not deny those undisputable facts.

Plaintiff's Opposition largely rests on the notion that the second prong – *i.e.* whether there is substantial ground for difference of opinion – cannot be supposedly satisfied because there is no

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion For Certification of Interlocutory Appeal (ECF. 92-1), and Plaintiff's Memorandum of Law in opposition to Defendant's pending Motion for Certification of Interlocutory Appeal ("Opposition" or "Opp.") (ECF 94).

Circuit split or intra-Circuit split. Plaintiff does not cite to any statutory language or Second Circuit authority to support this remarkable position. That is not surprising because that is not the law.

In fact, the Second Circuit has repeatedly granted certifications for interlocutory appeal where – like here – the issues are "difficult and of first impression." As this Court recognized, "Easy Spirit cites no binding precedent . . . nor has Wilson . . . [n]either party directs me to binding Supreme Court or Second Circuit precedent." Order at 6–8. But now is an opportunity for the Second Circuit to resolve these novel issues of first impression concerning the statutory interpretation of § 227(c)(5) in the wake of *Loper Bright* and *McLaughlin*. These are difficult legal questions with courts in Illinois, Ohio, Florida, California, Georgia, and Indiana reaching a contrary ruling that the term "telephone call" in § 227(c)(5) does not encompass text messages and demonstrating the dispute is substantial. Immediate appellate review is necessary, particularly given the onslaught of litigation on this very issue, with Plaintiff himself having eight similar cases pending in the Second Circuit.

For the reasons detailed in the Motion and herein, Easy Spirit requests that this Court exercise its discretion in granting the Motion and a stay to "assure the prompt resolution of knotty legal problems." *Weber v. United States*, 484 F.3d 154, 159 (2d Cir. 2007) (citation omitted).

## I.    PLAINTIFF CONCEDES THE CONTROLLING QUESTION AND MATERIAL ADVANCEMENT PRONGS ARE SATISFIED

As detailed in the Motion, Easy Spirit has satisfied all three prongs of § 1292(b): (1) the Order involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order will materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). Significantly, Plaintiff's Opposition concedes that the first and third prong are satisfied.

2

First, Plaintiff does not dispute that the first prong is satisfied given the Court's Order pertains to controlling questions of law. Nowhere in its seventeen-page Opposition does Plaintiff contest the first prong of §1292(b) — that whether § 227(c)(5) extends to (i) text messages or (ii) cellular subscribers presents a pure legal question whose resolution would terminate this litigation. That silence is a concession. *See Felske v. Hirschmann*, No. 10 Civ. 8899, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012) ("A plaintiff effectively concedes a defendant's arguments by his failure to respond to them.").

Second, Plaintiff does not deny that the appeal involves novel threshold issues and the reversal of any one of those issues would terminate the action, thereby satisfying the third prong. *See United States ex rel. Quartararo v. Catholic Health System of Long Island Inc*., 521 F.Supp.3d 265 (2021). Indeed, Plaintiff has not put forth any showing that the parties would not avoid costly class discovery and protracted litigation if the Court's Order were reversed. Instead, Plaintiff simply notes: "Because Defendant cannot show substantial grounds for disagreement, the Court need not decide the third prong." Opp. at 16. Plaintiff also speculates that the Second Circuit might decline review. *Id*. Thus, Plaintiff is deemed to have waived challenging the third prong since he "adverted [the issues] in a perfunctory manner, unaccompanied by some effort at developed argumentation." *Tolbert v. Queens Coll*., 242 F.3d 58, 75 (2d Cir. 2001).

The Court may therefore proceed to the only live dispute, that is whether substantial ground for difference of opinion exists. It does.

## II.     SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION EXISTS UNDER CONTROLLING SECOND CIRCUIT STANDARDS.

Plaintiff's Opposition resorts to misstating the Second Circuit law in an effort to claim the second prong is not satisfied. Opp. at 7. Plaintiff claims there is "a major problem for a §1292(b) application" in the absence of a circuit split. As explained below, there is no such circuit split

3

requirement under Section 1292(b) and Plaintiff's reliance on out-of-Circuit case law is unavailing. 28 USCS § 1292(b); (Opp. at 7).

> **A.    Section 1292(b) Does Not Require a Circuit Split Nor Does It Require A Majority Of Courts To Reach A Certain Conclusion.**

Plaintiff's primary argument is that the absence of a circuit split defeats certification. It misreads both the statute and governing Second Circuit precedent. Section 1292(b) requires only that there be "substantial ground for difference of opinion" as to the controlling question of law. 28 U.S.C. § 1292(b). Nothing in that language demands a circuit split. And Plaintiff's position is contradicted by controlling authority in this Circuit.

The Second Circuit has expressly held that issues that are "difficult and of first impression" satisfy the second prong, without any requirement of intra- or inter-circuit conflict. *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (granting leave to appeal, expressly relying on the fact that the issues were "difficult and of first impression"). The Circuit has further emphasized that when a ruling "involves a new legal question or is of special consequence," district courts "should not hesitate" to certify. *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009)). Most recently, in *Silva v. Schmidt Baking Distrib., LLC*, 162 F.4th 354, 358 (2d Cir. 2025), the Second Circuit held that when the issues are "difficult and of first impression" accepting the interlocutory appeal was an appropriate exercise of its discretion. Plaintiff cites no Second Circuit authority for its circuit-split requirement because none exists. Opp. at 7.

Plaintiff's case for requiring a numerical majority of courts to rule in movant's favor to obtain a Section 1292(b) application also fails. Opp. at 10-17. As one Circuit court explained: "[t]he mere fact that a substantially greater number of judges have resolved the issue one way rather than another does not, of itself, tend to show that there is no substantial ground for difference

4

of opinion.  It is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute."  *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983), *aff'd sub nom.*, 762 F.2d 290 (3d Cir. 1985).  The question is not vote-counting among district courts.  It is whether the arguments on the other side are genuinely substantial.  That showing has been made as detailed in the Motion (Mot. at 6-12) and discussed below.  Indeed, caselaw within the Second Circuit recognizes that widespread out-of-circuit disagreement can inform the substantial-ground inquiry, particularly when the issue is novel and has broad recurring significance.  *See Islam v. Lyft, Inc.*, No. 20-CV-3004, 2021 WL 2651653, at *5 (S.D.N.Y. June 28, 2021) (finding substantial grounds where "[t]hese frequently litigated issues have divided courts in recent years," relying on a mix of in- and out-of-circuit decisions).

### B.      The Second Prong Is Satisfied Because Both Controlling Questions Are Novel Matters of First Impression in the Second Circuit.

The two controlling questions presented here, (i) whether § 227(c)(5)'s private right of action extends to text messages, and (ii) whether a cellular subscriber qualifies as a "residential telephone subscriber" under § 227(c)(1), have never been addressed by the Second Circuit and therefore are matters of first impression.  *See Allstate Ins. Co. v. Elzanaty*, No. 11-CV-3862, 2013 WL 2154759, at *4 (E.D.N.Y. May 16, 2013) ("The matter at hand largely concerns a novel and distinct question arising under New York State Law unaddressed by any state or federal trial or appellate authority.")

As this Court recognized, "Easy Spirit cites no binding precedent . . . nor has Wilson . . . [n]either party directs me to binding Supreme Court or Second Circuit precedent" regarding the application of § 227(c) to text messages.  Order at 6–8.  That absence of controlling authority alone supports certification.  Indeed, courts in this Circuit routinely find the substantial-ground prong

satisfied where issues are novel or of first impression. *See U.S. ex rel. Quartararo v. Cath. Health Sys. of Long Island Inc.*, 521 F. Supp. 3d 265, 277 (E.D.N.Y. 2021) ("the only cases on this issue in the Second Circuit involve the instant action and . . . substantial difference of opinion may exist"); *Republic of Colombia v. Diageo N. Am. Inc.*, 619 F. Supp. 2d 7, 11 (E.D.N.Y. 2007) ("novelty and complexity . . . give rise to a substantial ground for disagreement" where there were "so few decisions"); *Pen Am. Ctr., Inc. v. Trump*, No. 18 Civ. 9433, 2020 WL 5836419, at *3 (S.D.N.Y. Oct. 1, 2020) (certifying where issue was "a matter of first impression"); *Capitol Recs., LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 552 (S.D.N.Y. 2013) ("question of first impression . . . [and] paucity of case law" satisfied prong); *Dinsmore v. Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin*, 945 F. Supp. 84, 87 (S.D.N.Y. 1996) ("requirement . . . is satisfied" where Second Circuit "has not spoken"), *rev'd on other grounds*, 135 F.3d 837 (2d Cir. 1998).

These questions also carry the broad, systemic importance that Congress had in mind when it passed Section 1292(b) to "assure the prompt resolution of knotty legal problems." *Weber v. United States*, 484 F.3d 154, 159 (2d Cir. 2007) (citation omitted). Their importance is substantial: this single plaintiff has filed over 85 similar cases nationwide, including eight in this Circuit. *See Quartararo*, 521 F. Supp. 3d at 278 (certifying where case had "broad-reaching ramifications"); *Capitol Records*, 972 F. Supp. 2d at 553 (same where issue had "important ramifications"). The same is true for the "residential telephone subscriber" question, which is also one of first impression here and has divided courts post-*McLaughlin*. Order at fn. 2. That issue turns on whether "residential" modifies "telephone" or "subscriber," a genuine textual question permitting competing readings. Under the nearest-reasonable-referent canon, "residential" modifies "telephone," not "subscriber." *See Lockhart v. United States*, 577 U.S. 347, 364 (2016) (Kagan, J., dissenting) ("the modifier 'normally applies only to the nearest reasonable referent'").

6

Congress's express reference to "cellular telephone" service in § 227(b), and its omission in § 227(c), further underscores that the question is contested and independently supports certification.

### C.    The Strength of the Opposing Arguments Confirms a Substantial Ground for Dispute.

Even where a district court reaches a reasoned conclusion, certification is warranted when the opposing arguments are substantial. *Traub v. Cornell U.*, No. 94-CV-502, 1999 WL 224804, at *3 (N.D.N.Y. Apr. 12, 1999) (district courts must "analyze the strength of the arguments in opposition" to determine whether a substantial ground for dispute exists); *Max Daetwyler*, 575 F. Supp. at 283 (certifying despite finding one view "more persuasive" because the opposing arguments were "not insubstantial"). This Court's own Order demonstrates that standard is satisfied.

In denying dismissal, the Court did not dismiss the competing interpretation pertaining to the term telephone call not extending to text message as weak or frivolous; to the contrary, it engaged with it at length and acknowledged that courts reaching the opposite conclusion had correctly observed that "Congress's decision to use a different term . . . in a neighboring provision only undermines Plaintiff's position." Order at fn. 5 (quoting *Radvansky v. Kendo Holdings, Inc.*, No. 3:23-CV-00214, 2026 WL 810929, at *2 (N.D. Ga. Feb. 12, 2026)). The Court further recognized that the phrase "telephone call or message" suggests Congress understood those to be distinct concepts. *Id*. In other words, this Court itself identified a plausible, competing textual reading of the statute, yet ultimately adopted a different interpretation. Where a court acknowledges a genuine competing interpretation of its own conclusion, that is the clearest indication that the issue is a close one appropriate for interlocutory review. *See Skylon Corp. v. Guilford Mills, Inc.*, 901 F. Supp. 711, 718 (S.D.N.Y. 1995) (requirement satisfied where a court recognizes conflicting authority and "substantial" ground for disagreement even if it disagrees).

7

The breadth of courts finding that the term "telephone call" does not encompass "text message" further confirms that the competing arguments are not insubstantial. Courts in multiple states have concluded, after engaging in independent textual analysis post *Loper Bright* and *McLaughlin*, that § 227(c)(5) does not extend to text messages. *See* Mot. at 8-10. Plaintiff also concedes that courts have reached conflicting conclusions. Opp. at 7. The divergence is real and growing.

There are also substantial arguments that support a cellular subscriber does not qualify as a "residential telephone subscriber" under § 227(c)(1) as several court have agreed with Easy Spirit's interpretation. Order at fn. 2. The statutory text creates a genuine interpretive tension: Congress expressly used "cellular telephone" in § 227(b) but used only "residential telephone subscriber" in § 227(c)(1), without comparable language reaching mobile technology. Whether that reflects an intentional limitation, with "residential" modifying "telephone" under the nearest-referent canon, or a technology-neutral term tied to subscriber use, is a question on which courts have materially disagreed. Both questions are therefore independently deserving of Second Circuit guidance. Taken together, the nationwide split on two dispositive issues, the absence of controlling authority, and pendency of the same question before the Seventh Circuit place this case squarely within the "knotty legal problems" § 1292(b) was designed to resolve. *Weber*, 484 F.3d at 159.

**D.      This Court's Ruling is in Tension with Second Circuit Authority, an Independent Basis for Certification.**

The Second Circuit's reasoning reflects that a "telephone call" is an inherently auditory, voice-based concept that does not extend to text messages. This Court reached the opposite conclusion. At minimum, that tension shows that reasonable jurists in this Circuit can, and do, reach different interpretations of "telephone call," which is the textbook definition of a substantial ground for difference of opinion. *See Kinkead v. Humana, Inc.*, No. 3:15-CV-01637, 2016 WL

9453808, at *2–3 (D. Conn. Oct. 13, 2016) (substantial grounds exist "given the emerging divergence among district courts, the lack of authoritative guidance from the Second Circuit, and the apparent novelty of the question").

*Soliman v. Subway Franchisee Advertising Fund Trust, Ltd.,* 101 F.4th 176 (2d Cir. 2024), reinforces this conclusion. There, the Second Circuit held that "[t]he language of the TCPA . . . makes clear Congress meant 'voice' to mean something audible, not a text message," relying on the statute's distinction between a "voice service" and a "text messaging service." 101 F.4th at 187 (citing 47 U.S.C. § 227(e)(8)(A)). Notably, the court drew that inference from a 2018 amendment to a different subsection, even though Congress was not amending § 227(b) at the time. *Id* at 186. This Court declined to apply that same cross-subsection reasoning to § 227(c)(5) because that section had not been amended in 2018, but *Soliman*'s approach demonstrates that such interpretive methodology is proper, placing this Court's analysis in tension with the Circuit's.

Similarly, in *Sait Kurmangaliyev v. Delta Airlines, Inc.*, another court in this Circuit applied *Soliman* to conclude that text messages are not voice-based communications, emphasizing that the "ordinary meaning, along with common sense, suggests that the term 'voice' . . . refer[s] to a sound produced by a human being." No. 25-CV-3423, 2026 WL 879317, at *3 (E.D.N.Y. Mar. 31, 2026). Although *Kurmangaliyev* arose under § 227(b), its application of *Soliman* confirms that courts within this Circuit read the precedent differently. That *Kurmangaliyev* and this Court reached opposite conclusions applying the same authority is itself compelling evidence that the substantial-ground requirement is satisfied. *See Sharma v. Rent the Runway, Inc.*, 799 F. Supp. 3d 129, 150–51 (E.D.N.Y. 2025) (substantial ground exists where "the challenged decision conflicts with other decisions issued within the same district").

9

### III. PLAINTIFF'S OTHER ARGUMENTS IN HIS OPPOSITION ARE UNAVAILING AND DO NOT DEFEAT CERTIFICATION.

#### A. *Howard* is an Inapposite out-of-circuit case that Addresses § 227(b), Not § 227(c)(5).

Plaintiff's reliance on *Howard v. Republican Nat'l Comm.*, 164 F.4th 1119 (9th Cir. 2026), in an effort to show the Ninth Circuit court has "directly addressed" "whether text messages are 'calls'" is misplaced and unavailing. Opp. at 7–8. Plaintiff presents *Howard* as a definitive, post-*Loper Bright* appellate resolution of whether text messages are "calls" under the TCPA. *Id*. That is not so.

First, *Howard* is non-binding, out-of-Circuit authority which addressed § 227(b), not § 227(c)(5). *Howard*, 164 F.4th at 1120. The provisions are textually and structurally distinct: § 227(b) governs automated dialing systems and prerecorded voice calls, while § 227(c)(5) creates a separate private right of action for "telephone calls." *Howard*'s interpretation of "call" under § 227(b) does not resolve the meaning of "telephone call" in § 227(c)(5) as courts have recognized. *See Jones v. Blackstone Med. Servs.*, 792 F. Supp. 3d 896, 901 (C.D. Ill. 2025); *James v. Smarter Contact, Inc.*, No. 8:25-CV-1657, 2026 WL 879244 (M.D. Fla. Mar. 31, 2026), at *3–4 (M.D. Fla. 2026).

Second, the non-binding *Howard* decision is in direct tension with the Second Circuit's decision in *Soliman*, which interpreted § 227(b) to reflect a voice-based understanding of "call" concepts and rejected extending those concepts to text messages. *Soliman*, 101 F.4th at 186–87 (construing "voice" in § 227(b)(1)(A) as audible sound and declining to extend it to text messages). In other words, two Courts of Appeals – analyzing the same statutory provision – have reached opposite conclusions. That appellate-level conflict alone confirms that reasonable jurists can and do disagree, which is more than sufficient to establish a substantial ground for difference of opinion.

**B.**    **Plaintiff's Second Circuit Cases Do Not Settle the § 227(c)(5) Question.**

Plaintiff claims the Second Circuit has "already spoken" on whether text messages are "calls" under the TCPA, citing a series of in-Circuit decisions.  Opp. at 9–10 (*citing Melito v. Am. Eagle Outfitters, Inc.*, No. 14 CV 02440, 2015 WL 7736547 at *4 (S.D.N.Y. Nov. 30, 2015); *Jackson v. Caribbean Cruise Line, Inc.,* 88 F. Supp. 3d 129, 135 (E.D. NY. 2015); *Krady v. Eleven Salon Spa*, 2017 U.S. Dist. LEXIS 120139, *7 (E.D. N.Y. 2017); *Rotberg v. Jos. A. Bank Clothiers, Inc.*, 345 F.  Supp. 3d 466, 474 (S.D.N.Y. 2018); *Metten v. Town Sports Int'l, LLC*, No. 18-CV-4226 2019 WL 1299939, at *2 (S.D.N.Y. Mar. 21, 2019); *Bank v. Simple Health Plans LLC*, 2019 U.S. Dist. LEXIS 215228, *13 (E.D. NY. 2019).  That assertion is incorrect for two independent reasons.  In most of Plaintiff's cited cases, they addressed § 227(b), not § 227(c)(5), and those cases all relied on *Chevron*-era deference to FCC interpretations that no longer control after *Loper Bright* and *McLaughlin*.

In short, each cited decision either analyzes the wrong statutory provision, rests on now-defunct agency deference, or both.[2]  None constitutes controlling authority on the question before

---

[2] *Metten,* 2019 WL 1299939: addressed only whether plaintiff plausibly pled use of an ATDS under § 227(b)(1)(A)(iii); the call includes text point appears only in a single footnote citing the 2003 FCC Order—an interpretation that would have received *Chevron* deference at the time.  Section 227(c)(5) is never addressed.

*Melito,* 2015 WL 7736547: concerned vicarious liability under § 227(b)(1)(A)(iii).  Footnote 7 expressly states that plaintiffs dropped their § 227(c)(5) claims from the operative complaint. *Id.* at *3 n.7.  The case never adjudicates § 227(c)(5) at all.

*Jackson,* 88 F. Supp. 3d 129: no holding on § 227(c)(5); its analysis rested on the FCC's 2013 *Dish Network* declaratory ruling under *Chevron* deference. *Id.* at 136–37.  Critically, *Jackson* itself emphasized that Congress's decision to use different operative language across TCPA provisions is "generally presumed" to be intentional—a canon that supports Defendant, not Plaintiff. *Id.* at 135 (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)).

*Bank*, 2019 U.S. Dist. LEXIS 215228: § 227(b)(1)(A)(iii) default judgment report and recommendation; the text is calls discussion rests expressly on agency guidance ("Guidance from the Federal Communications Commission has defined the language in the statute to include text messages for several years.").  No § 227(c)(5) analysis.

*Krady*, 2017 U.S. Dist. LEXIS 120139: another § 227(b)(1)(A)(iii) default judgment report and recommendation; the text is a call point is lifted directly from the FCC's 2003 Order and from *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009)—itself a case in which the Ninth Circuit expressly deferred to the FCC's construction of the statute.

11

this Court.  Plaintiff's claim that the Second Circuit has "already spoken" on § 227(c)(5) is therefore inaccurate.  If anything, the absence of such authority confirms that this is a true question of first impression in this Circuit and that certification is appropriate.

### C.    *Dilanyan* Supports Certification, Not Denial.

Plaintiff's reliance on *Dilanyan v. Hugo Boss Fashions, Inc.*, No. 2:25-CV-05093, 2025 WL 3549868 (C.D. Cal. Dec. 3, 2025) to support denial of certification is misplaced.  Opp. at 15–16.  Upon review of the docket, the Ninth Circuit's denial of the interlocutory petition seems to be procedural and carries no substantive weight; the petition was filed *after* the ten-day, § 1292(b) deadline, and Courts of Appeals routinely deny untimely petitions without reaching the merits.[3] That denial therefore says nothing about whether the certification standard was satisfied.  To the contrary, the *Dilanyan* district court conducted a full § 1292(b) analysis and found all three prongs met, concluding that the meaning of "telephone call" presents a controlling legal issue and the resolution of that contested legal issue could dispose of the case.  *Id*. at *3–5.  Thus, far from undermining certification, *Dilanyan* confirms that courts confronting this same question view it as appropriate for interlocutory review.

### IV.    A STAY PENDING APPEAL IS WARRANTED.

This case remains at an early stage with no discovery or class proceedings underway, and Defendant has preserved all relevant evidence.  ECF No. 23.  Proceeding now risks expending substantial party and judicial resources on claims that may not survive appellate review.  Plaintiff has not demonstrated it will suffer any prejudice from a brief stay, particularly given its extensive TCPA litigation docket.  *See Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL

---

[3] On December 3, 2025, the Court certified its Order for interlocutory appeal in connection with Hugo Boss's Motion to Dismiss Plaintiff's Complaint.  *Id*.  It is only 15 days later, on December 18, 2025 that Hugo Boss filed its Petition for Permission to Appeal the Order (the "Petition"), beyond the 10 days limit imposed by 28 U.S.C. § 1292(b).  *See* Dkt. 1, Case No. 25-7951 (9th Cir.).

2777076, at *1 (S.D.N.Y. Sept. 1, 2009). Courts addressing this same issue have granted stays for precisely this reason. *See Dilanyan*, 2025 WL 3549868, at *2–5 (staying proceedings because appeal could render litigation moot). The same reasoning applies here.

Because "Plaintiff will not be substantially injured by a stay and is not suffering continuing harm" as well as the fact that it is in "all parties' interests[,]as well as in the public interest[,]to resolve the dispositive questions before the parties and the Court expend additional resources on class certification and discovery" thus the "public interest,…. weighs in favor of a stay." *Kinkead*, 2016 WL 9453808, at *3 (D. Conn. Oct. 13, 2016). Furthermore, the "desire to resolve this issue before the parties engage in potentially unnecessary litigation" envisioned by § 1292(b) "would be undermined without an accompanying stay." *Id*.

## CONCLUSION

This case presents difficult, unsettled questions of statutory interpretation that this Court itself recognized, with no controlling authority and a growing split requiring immediate appellate guidance. Plaintiff concedes two prongs, and the third is easily satisfied.

Defendant respectfully requests certification of the Court's March 31, 2026 Order (ECF No. 87) and a stay pending appeal.

Dated:  April 29, 2026

Respectfully submitted,

KASOWITZ LLP
By: */s/ Christine A. Montenegro*
Christine A. Montenegro (ct30008)
Lea Dartevelle Erhel (phv 208684)
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
E-mail: cmontenegro@kasowitz.com
        ldartevelle@kasowitz.com

13

FINN DIXON & HERLING LLP
By: /s/ *Tony Miodonka*
Tony Miodonka (ct28262)
Six Landmark Square
Stamford, CT 06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: tmiodonka@fdh.com

*Attorneys for Defendant Easy Spirit, LLC*

14

CERTIFICATE OF SERVICE

I certify that on April 29, 2026, a copy of the foregoing was filed through the Court's electronic filing system.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

FINN DIXON & HERLING LLP

By: /s/ *Tony Miodonka*
Tony Miodonka (ct28262)
Six Landmark Square
Stamford, CT 06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: tmiodonka@fdh.com

15